# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SANDRA DRAKE and RANDY SMITH, )<br>on behalf of themselves and others )<br>similarly situated, )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)     Case no.:_____<br>STEAK N SHAKE OPERATIONS, INC. )<br>(an Indiana Corporation) )     Jury Trial Demanded<br>)<br>    Defendant. ) | |

## COMPLAINT
### Collective Action under Fair Labor Standards Act
### Rule 23 Class Action Claim under Missouri Wage Laws

**COME NOW**, the Plaintiffs Sandra Drake and Randy Smith, on behalf of themselves and all others similarly situated, and bring this action against Defendant Steak N Shake Operations, Inc. for damages and other relief as follows:

## NATURE OF ACTION

1.  Plaintiffs allege on behalf of themselves and other current and former Managers, and those similarly situated holding comparable positions with different titles, employed by Defendant in the United States at their Steak N Shake corporate owned restaurants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to unpaid overtime wages for all hours worked in excess of forty for any given workweek, liquidated damages, costs, and attorneys' fees.

2.  Plaintiffs further complain, pursuant to Fed. R. Civ. P. 23, on behalf of themselves and a class of other similarly situated current and former Steak N Shake

Managers employed by Defendant at their corporate owned restaurants within the State of Missouri, that pursuant to Missouri's wage laws, Mo.Rev.Stat. § 290.500, *et seq.*, they are entitled to unpaid overtime wages for all hours worked in excess of forty for any given workweek, liquidated damages, costs, and attorneys' fees.

3.     Plaintiff Sandra Drake further complains, pursuant to the Equal Pay Act, 29 U.S.C. § 206(d), *et seq.*, ("EPA") an amendment to the FLSA, on behalf of herself and other current and former female Managers, and those similarly situated holding comparable positions with different titles, employed by Defendant in the United States at their Steak N Shake corporate owned restaurants, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), that they are entitled to damages for unpaid wages and benefits equal to what is afforded employees of the opposite sex who perform substantially equal work, and for liquidated damages, costs, and attorneys' fees.

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 for the claims being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the EPA, 29 U.S.C. § 206(d), *et seq.*

5.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. 1332(a) and § 1332(d)(2)(A) ("the Class Action Fairness Act") for the claims being brought under Mo.Rev.Stat. 290.500 *et seq.*

6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant conducts business and can be found in the Eastern District of Missouri,

and the cause of action set forth herein has arisen and occurred in part in the Eastern District of Missouri.  Venue is also proper under 28 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within Missouri.

## PARTIES

7. Defendant Steak N Shake Operations, Inc. ("Steak N Shake") is an Indiana corporation registered to do business and in good standing in the state of Missouri.  Its registered agent is CSC –Lawyers Incorporating Service Company, 221 Bolivar, Jefferson City, Missouri 65101.

8. Defendant is engaged in interstate commerce by, among other things, operating retail restaurant establishments.  Defendant operates over 400 corporate owned retail restaurants throughout the country.  Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

9. Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. The Defendant is, and has been, an "employer" as defined in Mo.Rev.Stat. § 290.500(4).

11. Plaintiff Sandra Drake is a female and currently resides in St. Louis, Missouri.

12. Plaintiff Randy Smith is a male and currently resides in St. Louis County, Missouri.

13. Plaintiffs, and others similarly situated who were employed by Defendant are current or former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

14. Plaintiffs, and all others similarly situated who are/were employed in the State of Missouri, are "employees" as defined in Mo.Rev.Stat. § 290.500(3).

15. Plaintiffs bring this action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b) and on behalf of themselves and other similarly situated employees who worked within the state of Missouri pursuant Fed.R.Civ.P. 23.

16. Plaintiffs and others similarly situated are individuals who were, or are, employed by Defendant as Managers, or as employees with similar job duties, throughout the country during the applicable statutory periods under the FLSA and Missouri's wage laws.

## FACTUAL ALLEGATIONS

17. Not including restaurant establishments franchised by Defendant to franchisees, Defendant operates over 400 corporate owned retail restaurants locations throughout the country.

18. Defendant's retail restaurants are divided into five "Group Markets": (a) Chicago/Detroit, (b) Cleveland/Dallas, (c) Indianapolis, (d) Orlando/Atlanta, and (e) St. Louis. Within each Group Market there are several districts.

19. Defendant's retail restaurants are modeled to be staffed with the following positions that are treated as exempt from overtime by the Defendant (listed in their respective chain of supervision): "General Manager," "Restaurant Manager" (for some locations), and one or more "Managers."

20. In addition to the overtime exempt positions set forth in paragraph 19, Defendant also employs numerous overtime eligible, or nonexempt, persons at each retail restaurant such as grillers, fryers, sandwich dressers, dishwashers, fountain drink operators, operations supervisors, and like positions; and servers and production trainers (hereafter collectively referred to as "nonexempt restaurant workers").

21. Plaintiff Sandra Drake was employed by Defendant as a Manager from 2006 through on or about November 2013. Drake worked in the St. Louis Group Market during this time frame at approximately five different restaurants within approximately three different districts. From 2002 through 2006, Drake worked in various nonexempt restaurant worker positions for Defendant in the St. Louis Group Market and the Atlanta/Orlando Group Market.

22. Plaintiff Randy Smith was employed by Defendant as a Manager from on or about October 2011 through on or about November 2012. Smith worked in the St. Louis Group Market during this time frame at approximately ten different restaurants in Missouri and Illinois. From 2006 through 2011, Smith also worked in various nonexempt restaurant worker positions for Defendant in the St. Louis Group Market.

23. When male Plaintiff Smith was hired as a Manager in October 2011, he was paid a starting salary of $35,000 per year. At that time, and even though she had already been working as a Manager for close to five years, female Plaintiff Drake was being paid a salary of only approximately $33,000 per year.

24. Regardless of location or market group, Defendant has a uniform corporate wide job description/classification for Managers setting forth their job duties and requirements, uniform corporate wide policies governing every aspect of Manager's

5

daily job duties, whereby all Managers perform substantially similar job duties and requirements regardless of retail restaurant location.

25. Regardless of location, Defendant has a uniform corporate policy establishing matrixes of compensation for persons employed in the Manager position.

26. Regardless of location, all of Defendant's Managers, including the Plaintiffs, have the same or similar primary job duties which are controlled in every aspect by Defendant's centralized corporate policies and procedures.

27. Regardless of location, all of Defendant's Managers, including the Plaintiffs, work in excess of forty hours per workweek on a weekly basis without receiving any overtime compensation.

28. Regardless of location, the Defendant classified all Managers, including the Plaintiffs, as exempt from overtime compensation under the "executive exemption" (as defined under 29 C.F.R. § 541.100, *et seq.*) and the "administrative exemption" (as defined under 29 C.F.R. § 541.200, *et seq.*) under the FLSA.

29. Regardless of location, the Defendant classified all Managers located in the State of Missouri, including the Plaintiffs, as exempt from overtime compensation under the "executive exemption" (as defined under 29 C.F.R. § 541.100, *et seq.*) and the "administrative exemption" (as defined under 29 C.F.R. § 541.200, *et seq.*) under Missouri's wage laws.[1]

30. Upon information and belief, Defendant did not keep accurate records of hours worked by Plaintiffs and others similarly situated as required by law.

## COUNT I
## FLSA COLLECTIVE ACTION

---

[1] Missouri's wage and hour laws adopt the federal exemptions to overtime pay, including the executive and administrative exemptions.  Mo.Rev.Stat. §§ 290.505.3. - .4.

31.	Plaintiffs Drake and Smith, on behalf of themselves and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

32.	Plaintiffs file this action on behalf of themselves and all others similarly situated.  The proposed Collective Class for the FLSA claims is defined as follows:

> All persons who worked, or will work during the liability period, as Managers (or persons with similar job duties) for Defendant at all corporate owned retail restaurants at any time since three years prior to the filing of this Complaint (hereafter the "FLSA Collective").

33.	Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiffs' signed consent forms are attached as Exhibit A.

34.	During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked in violation of the FLSA.

35.	Plaintiffs, and the FLSA Collective, are similarly situated in that they all have the same primary job duties, are all subject to Defendant's same corporate policies and procedures governing every aspect of their job duties, all routinely work in excess of forty hours per workweek, and are all subject to the same exemption pay policy of not paying any overtime compensation for hours worked in excess of forty per workweek.

36.	Defendant failed to preserve records relating to these hours worked as required by 29 C.F.R § 516.2.

37.	Defendant is liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff and the FLSA Collective for overtime equal to one and one-half their regular rate of pay for all hours worked in excess of forty per workweek.

7

38. Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, and that have caused significant damage to Plaintiff and the FLSA Collective.

39. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

41. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

42. The Plaintiffs and the FLSA Collective have suffered from Defendant's common policies and plans of misclassifying Managers as exempt, and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and others similarly situated, pray for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant finding it misclassified Plaintiffs and those similarly situated as exempt;

c) Judgment against Defendant for Plaintiffs and those similarly situated for unpaid back wages, and back wages at the applicable overtime rates;

d) An amount equal to their damages as liquidated damages;

e) A finding that Defendant's violations of the FLSA are willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of prejudgment interest (to the extent liquidated damages are not awarded);

h) Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i) Leave to amend to add additional state law claims; and

j) All further relief as the Court deems just and equitable.

## COUNT II
## RULE 23 CLASS UNDER MISSOURI WAGE LAWS

43. Plaintiffs Drake and Smith, on behalf of themselves and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

44. Plaintiffs Drake and Smith bring their Missouri wage law ("MWL") claim, Mo.Rev.Stat. 290.500, *et seq.*, as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class:

> All persons who worked, or will work during the liability period, as Managers (or persons with similar job duties) for Defendant at all corporate owned retail restaurants located in the State of Missouri at any

9

time since two years prior to the filing of this Complaint (hereafter the "Missouri Class").

45. The MWL, Mo.Rev.Stat. §290505.1 requires that all employers shall pay employees nothing less than one and one-half their regular rate of pay for all hours worked in excess of forty per workweek.

46. Defendants violated the MWL by failing to compensate Plaintiffs and Missouri Class members the overtime pay rate of one and one-half times their regular pay rate for hours worked in excess of forty per workweek.

47. Class action treatment of Plaintiffs' MWL claim is appropriate because, as alleged in paragraphs 48-53 *infra*, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

48. The Missouri Class includes over fifty individuals and, as such, is so numerous that joinder of all class members is impracticable.

49. Plaintiffs Drake and Smith are members of the Missouri Class, and their MWL claim is typical of the claims of other Missouri Class members. For example, Plaintiffs Drake, Smith and the Missouri Class members share an identical legal and financial interest in obtaining a judicial finding that Defendant violated the MWL when it failed to pay them overtime compensation for hours worked over 40 in a single workweek. Plaintiffs have no interests that are antagonistic to or in conflict with the Missouri Class's collective interest in obtaining such a judicial finding.

50. Plaintiffs will fairly and adequately represent the interests of the Missouri Class, and they have retained competent and experienced counsel who will effectively represent the interests of the Missouri Class.

51. Questions of law and fact are common to the class. The Plaintiffs and the Missouri Class have been subjected to the common business practices described in paragraphs 45-46 *supra*, and the success of their claims depends on the resolution of common questions of law and fact. Common questions of fact include whether the Defendant paid any overtime premium for hours worked in excess of forty per work week and whether the Plaintiffs and the Missouri Class worked in excess of forty hours per work week. Common questions of law include, *inter alia*, whether Defendant's company-wide practice of paying Managers a salary and classifying them as exempt from overtime compensation violated the MWL.

52. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Missouri Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party Missouri Class members.

53. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 51 *supra*, predominate over any questions affecting only individual Missouri Class members. In the absence of class litigation, such common questions of law and fact would need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

54. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the Missouri Class have suffered, and will continue to suffer, a loss of income in the form of lost overtime pay. In turn, under Mo.Rev.Stat. § 290.527,

11

Plaintiffs and the Missouri Class are entitled to liquidated damages, attorney's fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and the Missouri Class, seek the following relief:

- a) Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Missouri Class and issuance of notice to said members apprising them of the pendency of this action;

- b) Designation of Sandra Drake and Randy Smith as Representative Plaintiffs of the Missouri Class;

- c) Designation of Brendan J. Donelon and Daniel W. Craig, of the law offices of Donelon, P.C. as the attorneys representing the Missouri Class;

- d) A declaratory judgment that the practices complained of herein are unlawful under the MWL;

- e) An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

- f) An award of damages for overtime compensation due the Plaintiffs and Missouri Class, including liquidated damages allowed under the MWL to be paid by Defendants;

- g) Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

- h) Pre-Judgment and Post-Judgment interest, as provided by law; and

- i) Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT III
## EQUAL PAY ACT CLAIM UNDER FLSA

55. Plaintiff Sandra Drake, on behalf of herself and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

56. Plaintiff files this action on behalf of herself and all others similarly situated as a collective action pursuant to § 216(b) of the FLSA. The proposed Collective Class for the EPA claim is defined as follows:

> All female persons who worked, or will work during the liability period, as Managers (or persons with similar job duties) for Defendant at all corporate owned retail restaurants at any time since three years prior to the filing of this Complaint (hereafter the "EPA Collective").

57. Plaintiff Drake has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A.

58. During the applicable statutory period, Plaintiff and the EPA Collective were discriminated against by Defendant by treating them differently from, and less preferably than, similarly situated male employees who performed jobs which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

59. Plaintiff, and the EPA Collective, are similarly situated in that they all have substantially similar job classifications, functions, titles and/or duties; are subject to Defendant's common policy and practice of gender discrimination in failing to compensate female Managers on par with men who perform substantially equal work and/or hold equivalent levels and positions.

60. Defendant caused, attempted to cause, contribute to, or caused the continuation of, wage rate discrimination based on sex in violation of the EPA. Moreover, Defendant knew or showed reckless disregard for the fact that its conduct was in violation of the EPA.

61. As the direct and proximate result of Defendant's knowing and intentional discrimination, Plaintiff and the EPA Collective have suffered, and will continue to

suffer harm, including but not limited to lost earnings, lost benefits, and other financial losses.  Plaintiff and the EPA Collective are therefore entitled to all remedies available for violations of the EPA, including liquidated damages, costs, and attorneys' fees.

62. The Plaintiff and the EPA Collective have suffered from Defendant's conduct, and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## **PRAYER FOR RELIEF**

Plaintiff Drake, on behalf of herself and others similarly situated, pray for relief as follows:

a) Designation of this action as a collective action on behalf of the EPA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the EPA Collective apprising them of the pendency of this action, and permitting them to assert timely EPA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant finding it discriminated against female Managers under the EPA by causing, contributing to, or causing the continuation of, the wage rate discrimination based on sex in violation of the EPA and that Defendant knew or showed reckless disregard for the fact that its conduct was in violation of the EPA;

c) Judgment against Defendant for Plaintiff and those similarly situated for unpaid wages and lost benefits;

d) An amount equal to their damages as liquidated damages;

e) A finding that Defendant's violations of the EPA are willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of prejudgment interest (to the extent liquidated damages are not awarded);

h) Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

      i)        Leave to amend to add additional state law claims; and

      j)        All further relief as the Court deems just and equitable.

Respectfully Submitted,

the law office of **DONELON, P.C.** www.donelonpc.com

*/s/ Brendan J. Donelon*
Brendan J. Donelon, E.D.Mo. 197776
Daniel W. Craig, E.D.Mo. 5209499
420 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:    (816) 221-7100
Fax:   (816) 709-1044
brendan@donelonpc.com
dan@donelonpc.com

ATTORNEYS FOR PLAINTIFF