UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **SANDRA DRAKE and RANDY SMITH,** | ) | |
| **on behalf of themselves and others similarly** | ) | |
| **situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:14-CV-1535-JAR** |
| | ) | |
| **STEAK N SHAKE OPERATIONS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Steak N Shake Operations, Inc.'s ("SNS" or "Defendant") Motion to Dismiss Plaintiffs' Complaint or, Alternatively, to Strike the Collective Allegations in Count III (Doc. 8). The Motion is fully briefed and ready for disposition. For the following reasons, Defendant's Motion will be **DENIED.**

**I.     Motion to Dismiss Standard of Review**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

1

entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## II. Background

This is an action for unpaid overtime pay brought by Plaintiffs Sandra Drake ("Drake") and Randy Smith ("Smith") (collectively "Plaintiffs"), on behalf of themselves and others similarly situated, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (Count I), and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500–530 (Count II). Plaintiffs allege they were employed by SNS as Managers (Doc. 1 at ¶¶21, 22) and they routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked (*Id.* at ¶34). Plaintiffs also allege that SNS is engaged in interstate commerce by operating retail restaurants throughout the country (*Id.* at ¶8). Plaintiffs further allege that SNS misclassified Managers as exempt (*Id.* at ¶42).

Drake, on behalf of herself and other current and former female SNS Managers, and those similarly situated holding comparable positions with different titles, also brings a claim under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), *et seq.* (Count III). Drake alleges that when Smith was hired as a Manager, he was paid a starting salary of $35,000 per year, while, at that time, she was being paid a salary of approximately $33,000 although she had been working for SNS as a Manager for close to five years (Doc. 1 at ¶23).

Defendant now moves to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. Alternatively, Defendant asserts that the collective allegations in Count III should be struck pursuant to Federal Rule of Civil Procedure 12(f).

2

### III. Analysis

**A. Motion to Dismiss for Failure to State a Claim**

**1. FLSA and MMLW (Counts I and II)**

Defendant first asserts that Counts I and II should be dismissed because Plaintiffs have failed to allege any facts in support of their allegation that Plaintiffs were not properly classified as exempt. Plaintiffs respond that they have properly alleged an FLSA violation by setting forth the prima facie elements for an FLSA claim – that they were employed by the defendant, that the work involved interstate activity, and that they performed work for which they were under-compensated. Plaintiffs further assert that whether an employee is subject to an FLSA overtime exemption is not an element of the Plaintiffs' prima facie claim but, instead, is an affirmative defense of which Defendant bears the burden of proof.

The FLSA requires employers to pay employees "a rate not less than one and one-half times the regular rate at which he is employed" for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). The Missouri Minimum Wage Law ("MMWL"), Mo. Stat. Ann. § 290.505, similarly provides that "[n]o employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Therefore, to assert a claim under either the FLSA or the MMWL, a plaintiff must allege "(1) he was employed by defendant; (2) the work involved interstate activity; and (3) plaintiff performed work for which he was under-compensated." *Williams v. Cent. Transp. Int'l, Inc.*, No. 4:13-CV-2009 CEJ, 2014 WL 1344513, at *3 (E.D. Mo. Apr. 4, 2014). Thereafter, employers relying on an exemption to avoid the minimum wage and overtime requirements of the FLSA bear the burden of proof that an exemption applies. *Fast v.*

3

*Applebee's Intern., Inc.*, 638 F.3d 872, 882 (8th Cir. 2011) (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974)).

The Court finds that Plaintiffs have sufficiently alleged violations of the FLSA and the MMWL to survive a motion to dismiss. Plaintiffs allege that they were employed by SNS as Managers, that Managers were misclassified as exempt, that the work involved interstate activity, and that they were undercompensated because they were not paid overtime compensation for their work in excess of forty (40) hours a week. Although Plaintiffs have not provided any facts in support of their allegation that they were misclassified as exempt, a "[p]laintiff is not obligated to plead facts showing that he is not exempt." *McCullough v. Lennar Corp.*, No. 09CV1808-WQH-NLS, 2009 WL 3805305, at *6 (S.D. Cal. Nov. 10, 2009). *See also Stratton v. Farmers Produce Co.*, 134 F.2d 825, 827 (8th Cir. 1943) ("A complaint, seeking to recover under the wage and hour provisions of the Act, is certainly not required to negative the exemptions of the statute in order to state a cause of action.").

**2. Equal Pay Act (Count III)**

Defendant next asserts that Drake has failed to sufficiently plead an EPA violation because her allegations do not allow the Court to reasonably infer that she was ultimately paid a rate lower than Smith. Specifically, Defendant argues that, by asserting misclassification claims in Counts I and II, Drake has represented to the Court that she should have been paid an hourly rate but fails to provide the Court with that rate or if her hourly rate was less than Smith's rate of pay. Drake responds that Plaintiffs do not allege that they should have been paid at an hourly rate, only that they were not paid proper overtime compensation. Drake further explains, "[u]nder the FLSA, nonexempt employees paid salaries can properly be paid overtime by converting the salary to an hourly rate of pay for the purpose of computing overtime owed"

4

(Doc. 12 at 11) and that Drake's salary does not implicate her EPA claim. Drake argues that to properly allege an EPA claim she need only allege that Defendant paid males more than females.

"Generally speaking, the EPA prohibits wage discrimination on the basis of sex." *Bass v. Univ. of Arkansas at Pine Bluff*, No. 5:12-CV-00286-KGB, 2014 WL 4630459, at \*14 (E.D. Ark. Sept. 16, 2014) (citing 29 U.S.C. § 206(d)(1); *Tenkku v. Normandy Bank*, 348 F.3d 737, 740 (8th Cir. 2003)). "Under the EPA, a plaintiff must establish a prima facie case by showing that the defendant paid male workers more than she was paid for equal work in jobs that required equal skill, effort, and responsibility and work performed under similar conditions." *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003) (internal quotation marks and citation omitted). "Equal pay for equal work is what the EPA requires, and those elements are the focus of the prima facie case." *Price v. N. States Power Co.*, 664 F.3d 1186, 1192-93 (8th Cir. 2011).

Because Drake has sufficiently alleged pay disparity between males and females for equal work, the Court finds that she sufficiently states a claim under the EPA. Drake, a female, alleges that she was paid less than Smith, a male, for the Manager job (Doc. 1 at ¶23). She further alleges that "Defendant has a uniform corporate wide job description/classification for Manager setting forth their job duties and requirements, uniform corporate wide policies governing every aspect of a Manager's daily job duties, whereby all Managers perform substantially similar job duties and requirements regardless of retail restaurant location" (*Id.* at ¶24). The Court also finds that the way in which Drake's salary may be converted into a regular hourly rate of pay for overtime compensation under the FLSA does not impact Drake's EPA claim. *See* 29 C.F.R. § 778.109 ("The 'regular rate' under the Act is a rate per hour. The Act does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis, but in such case the overtime

5

compensation due to employees must be computed on the basis of the hourly rate derived therefrom and, therefore, it is necessary to compute the regular hourly rate of such employees during each workweek, with certain statutory exceptions discussed in §§ 778.400 through 778.421.")

**B.  Motion to Strike**

In the alternative, Defendant asserts that the collective allegations in Count III should be stricken because it is not possible for Drake to simultaneously represent the collectives described in Counts I, II, and III. Specifically, Defendant argues that Drake's only allegation of gender-based pay inequality is a comparison of her salary to the salary of Smith whereas her allegations in Counts I and II are an hourly-based claim, creating an inherent conflict of interest that makes her an unsuitable representative for the collective. Specifically, Defendant asserts, "In order to establish the viability of her EPA claim and/or to establish the highest amount of damages, Plaintiff Drake could be put in a position [of] having to dispute the hours worked by the male Managers who make up the FLSA Collective in Count II" (Doc. 13 at 7). Therefore, Defendant argues that while Drake may be allowed to pursue these alternative theories on her own behalf, she cannot legitimately pursue alternative theories on behalf of the proposed EPA class.

Drake responds first by questioning whether Rule 12(f) is the appropriate vehicle to address Defendant's argument because the Rule "is to be used to strike matters with 'precise meaning'" (Doc. 12 at 13). Drake then asserts, for a second time, that Plaintiffs do not allege that they should have been paid at an hourly rate, only that they were not paid proper overtime compensation, that FLSA overtime compensation is determined by calculating an hourly rate of pay from a plaintiff's salary, and that the FLSA overtime compensation calculation does not impact Drake's EPA claim.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although courts enjoy broad discretion in determining whether to strike a party's pleadings, motions to strike are "viewed with disfavor and are infrequently granted." *Speraneo v. Zeus Tech., Inc.*, 2012 WL 2117872, at *1 (E.D. Mo. June 11, 2012) (internal quotations omitted). The Court will not exercise its discretion under the rule to strike a pleading unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *See Shirrell v. St. Francis Med. Ctr.*, No. 1:13–cv–42 SNLJ, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (and cases cited therein). "'A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties.'" *Brown v. TA Operating LLC*, No. 8:07CV5017, 2007 WL 2694484, at *1 (D. Neb. Sept. 11, 2007) (quoting *Miller v. Pfizer, Inc.*, No. Civ.A. 99–2326–KHV, 1999 WL 1063046, at *3 (D. Kan. 1999)).

The Court finds that Drake's collective action allegations should not be stricken from Count III. First, Defendant fails to cite to any case law in support of its assertion that the collective action allegations should be stricken because of an apparent conflict. Also, as the Court has previously determined, the way in which Drake's salary may be converted into a regular hourly rate of pay for overtime compensation under the FLSA does not impact Drake's EPA claim. Finally, Defendant has failed to show how moving forward with the collective action allegations would prejudice it.

7

## IV. Conclusion

Accordingly,

   **IT IS HEREBY ORDERED** that Defendant Steak N Shake Operations, Inc.'s Motion to Dismiss Plaintiffs' Complaint or, Alternatively, to Strike the Collective Allegations in Count III (Doc. 8) is **DENIED.**

   **IT IS FURTHER ORDERED** that a Rule 16 conference will be set by separate order.


Dated this 17th day of July, 2015.


                                        _____
                                        JOHN A. ROSS
                                        UNITED STATES DISTRICT JUDGE

8