**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SANDRA DRAKE and RANDY SMITH, | ) | |
| on behalf of themselves and others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case no.: 4:14-cv-1535 |
| vs. | ) | |
| | ) | |
| STEAK N SHAKE OPERATIONS, INC. | ) | |
| (an Indiana Corporation) | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' TRIAL PLAN

# Exhibit  B

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SANDRA DRAKE and RANDY SMITH, | ) | |
| on behalf of themselves and others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case no: 4:14-cv-1535-JAR |
| | ) | |
| STEAK N SHAKE OPERATIONS, INC. | ) | |
| (an Indiana Corporation), | ) | |
| | ) | |
| Defendant. | ) | |

**Second Revised Expert Report of Liesl M. Fox, Ph.D.
Regarding the Calculation of Damages**

I am a Senior Consultant and have been employed at Quantitative Research Associates, a firm that provides statistical and computing consulting services, since 1997. I have been a statistical consultant for over twenty years, including conducting analyses in the fields of litigation and medical research, and have testified as an expert witness. I am an author of several research articles. My curriculum vitae is attached hereto in Appendix B .[1]

I specialize in data analysis and the application of statistical methodology to various fields of study. My responsibilities also include database preparation and management. I have worked with data related to different areas of employment, including damages calculations. As noted in my curriculum vitae, I have often been asked to prepare damages calculations as an expert witness for other claims of unpaid time worked similar to the claim currently before the Court. The work discussed in this report, namely, the review and use of available data to

---

[1] My time is billed at the rate of $330 per hour.

1

determine the amount of potential damages owed to the class members, is similar to work I have done and testified to prior to preparing this report.

<u>Introduction</u>

I previously filed a report in this case on December 19, 2016 ("Original Report"). In my Original Report, I was asked by Counsel for the Plaintiffs to calculate the amount of damages under the Fair Labor Standards Act Claim ("FLSA Claim") for uncompensated overtime hours worked by 58 class members who were employed as Managers for the Defendant between September 8, 2011 and November 30, 2016.[2] I was also asked to calculate the amount of damages for the period from September 8, 2012 through November 30, 2016.[3] Finally, I was asked to calculate the average hourly rate of pay of the class members while they worked as Managers for the Defendant.

I also filed a revised report in this case on February 8, 2017 ("Revised Report"). In that Revised Report, I was asked to exclude nine plaintiffs who did not work as Managers within three years prior to the dates of their Consent to Join forms.[4] Additionally, I was asked to exclude from the damages calculations in my Revised Report two plaintiffs who did not work as Managers within the labor market at issue in this case.[5]

---

[2] It is my understanding that the damages calculation for each opt-in plaintiff begins three years prior to the date of the opt-in plaintiff's Consent to Join form. The earliest Consent forms were filed on September 8, 2014 by plaintiffs Sandra Drake and Randy Smith. I assumed that all opt-in plaintiffs who were shown to be currently employed in the data provided were still employed as of November 30, 2016.

[3] For this calculation, damages for each opt-in plaintiffs begin two years prior to the date of the opt-in plaintiff's Consent to Join form.

[4] The nine plaintiffs excluded from this revised report because they did not work as Managers within three years prior to Consent dates, as identified in my Original Report, are: Drew Bray, Lakisha Candies, James Douglas, Derrick Ginn, Marie Hogan, Bradley Nance, Dustin Throgmorton, Ahmad Vincent, and Roy West.

[5] The two plaintiffs excluded from the damages calculations because they did not work within the labor market at issue in this case are Corey Brown and Catherine Jett.

Since filing my Revised Report, I have received additional information to consider in calculating damages for the class members in this case. Specifically, I have been provided with new data for three class members regarding days that these class members requested off. I have been informed that one class member, Timothy Lawrence, was demoted from the Store Manager position approximately three years earlier than the date recorded in the data previously provided to me. Finally, I have been asked to assume that a work week begins on a Wednesday and continues through the following Tuesday, rather than the Sunday through Saturday work week I had assumed in my Original Report and in my Revised Report. This Second Revised Report contains the results of my damages calculations that were prepared using the additional data and information.

Conclusions

For the period from September 8, 2011 through November 30, 2016, I have calculated that 47 plaintiffs[6] are owed $721,280.23 for uncompensated overtime hours worked as Managers for the Defendant. If liquidated damages are approved by the Court under the FLSA Claim for these class members, then the total amount of damages for uncompensated overtime hours worked would be $1,442,560.46.

For the period from September 8, 2012 through November 30, 2016, I have calculated that 37 plaintiffs[7] are owed $454,979.56 for uncompensated overtime hours worked as Managers for the Defendant. If liquidated damages are approved by the Court under the FLSA Claim, or

---

[6] Although I was provided with the names of 58 opt-in plaintiffs, the exclusion of the nine plaintiffs who did not work as Managers within three years prior to their Consent dates and the two plaintiffs who did not work as Manager within the labor market at issue in this case leaves 47 opt-in plaintiffs included in my damages calculations.

[7] Only 37 of the 47 opt-in plaintiffs included in my damages calculations worked as Managers within two years prior to their Consent dates.

3

under the Missouri wage and hour claim, for these class members, then the total amount of damages for uncompensated overtime hours worked would be $909,959.12.

I was also asked to calculate the amount of damages for uncompensated overtime hours worked beginning three years prior to the date of each class member's Consent date, including liquidated damages for only the first two years prior to the class member's Consent date. For example, plaintiff Sandra Drake's Consent form was filed on September 8, 2014. For this calculation, then, damages were calculated for Ms. Drake for the period from September 8, 2011 through the end of her employment, but liquidated damages were calculated only beginning September 8, 2012. For the first two years prior to each class member's Consent date, the class members are owed a total of $909,959.12, including liquidated damages, for uncompensated overtime hours worked as Managers for the Defendant. Additionally, the class members are owed a total of $266,300.67 for uncompensated overtime hours worked for the period from two to three years prior to their Consent dates. Therefore, the 47 class members are owed a total of $1,176,259.79 for uncompensated overtime hours worked as Managers for the Defendant during the period beginning thee years prior to each class member's Consent date, including liquidated damages for only the first two years prior to each class member's Consent date.

Information Relied Upon

- Electronic files "SNS-Drake007800#137.8A4^Confidential^St Louis Manager History.xls" and "SNS-Drake007799#1C1.8B4^Confidential^St Louis Manager bonus.xls" (collectively, "Compensation Data");
- Electronic file "Opt-In Class List Steak N Shake FINAL after dismissals.xlsx" ("Plaintiff Data");
- Electronic files "Person Days - Class members.pdf", consisting of documents SNS-Drake009805 through SNS-Drake009911; "SNS-Drake009999.pdf - Intravaia.pdf"; "Drake010082 personal days.pdf"; "SNS-Drake010085 Smith personal days.pdf"; and, "SNS-Drake010084.pdf" (collectively, "Time Off Data");
- Electronic file "Pay ranges STL Market 2016.pdf";
- *Complaint*, filed on September 8, 2014; and,

4

- Electronic file "SNS-Drake009779#390.B14^175.xls", indicating the date plaintiff Timothy Lawrence was demoted from the Store Manager position.

Data Used

For each plaintiff, the Compensation Data included the dates the annual salary for the plaintiff was adjusted, the dates and amounts of any bonuses paid, and the dates, if any, the plaintiff was on a leave of absence. No records regarding the number of hours worked or paid time off were provided. The Plaintiff Data contained the names of the plaintiffs included in this case, as well as filing dates of their Consent to Join forms and the number of hours that each plaintiff would testify he or she actually worked each week.[8]

Calculation of Damages for Uncompensated Overtime  Hours Worked

In order to calculate damages for uncompensated overtime hours worked by the plaintiffs, I first needed to determine an hourly rate of pay for each week the plaintiff worked. For each week, I first divided each plaintiff's annual salary that was in effect that week[9] by 52 weeks. For each plaintiff, I added to the plaintiff's weekly amounts any bonuses that were paid to the plaintiff during the week, and then divided the total weekly gross compensation by 50 hours worked during the week.[10]

Damages for each plaintiff were calculated using the declared number of hours worked shown in the Plaintiff Data. Damages were calculated at one-half the hourly rate of pay for the number of hours worked over 40 and through 50 hours worked per week, and at one and one-half

---

[8] It is my understanding that 45 class members responded to questionnaires regarding the number of hours they were scheduled to work each week as Managers for the Defendant. It is also my understanding that this information for the two named plaintiffs, Sandra Drake and Randy Smith, was obtained through discussions with Counsel for the Plaintiffs at the time of the Complaint.

[9] If a salary adjustment was made during the week, then the damages calculations for that week were made using the new salary.

[10] I was asked by Counsel for the Plaintiffs to assume that Managers for the Defendants were compensated for 50 hours of work each week. It is my understanding that this figure was obtained from responses by 56 class members to questionnaires regarding the number of hours they were scheduled to work each week.

the hourly rate of pay for the number of hours worked over 50. For my damages calculations, I excluded weeks where a plaintiff was on leave of absence. Additionally, only those weeks where the plaintiff worked as a Manager (job code '1320') were included in the damages calculations.

The Time Off Data listed 4,635 instances of individuals requesting time off from working at their regularly assigned store. Of those, only 1,375 were requested by a class member who worked as a Manager within three years of filing a Consent form. Some of those records, however, indicated that a class member was working at a different store, was requesting a specific shift for the day, or was taking training classes. Therefore, there were 1,170 requested days off that were considered as days not worked in my damages calculations. Also, Thanksgiving Day and Christmas Day were also considered to be days not worked. For weeks during which a holiday occurred or a class member requested one or more days off, no damages for any hours worked over 50 were calculated.

Damages were calculated for each plaintiff beginning three years prior to their filing date and continue through the end of the Compensation Data provided for the plaintiff, or through November 30, 2016 if the Compensation Data indicated the plaintiff was still employed as a Manager.

Examples of Damages Calculations

As an example of the methodology, I will describe the computations used to calculate the amount of damages due to plaintiff Sandra Drake for the week beginning May 23, 2012.[11] According to the Compensation Data, Ms. Drake's annual salary was $33,633.08 during the week beginning May 23, 2012. Ms. Drake's weekly salary, then, was $646.79 ($33,633.08 per year / 52 weeks = $646.79 per week). The Compensation Data also indicated that Ms. Drake was paid a

---

[11] For this Report, I assumed that a work week began on a Sunday and continued through the following Saturday.

bonus of $100 for the pay period ending on May 25, 2012. Since May 25, 2012 occurs during the week beginning May 23, 2012, I included the bonus of $100 as compensation paid to Ms. Drake for the week beginning May 23, 2012. Thus, Ms. Drake's hourly rate of pay during the week beginning May 23, 2012, was $14.94 ($646.79 regular salary + $100.00 bonus = $746.79 total gross compensation for the week; $746.79 compensation for the week / 50 regular hours worked = $14.94 per hour). The Plaintiff Data indicated that Ms. Drake declared that she worked approximately 57.5 hours each week as a Manager for the Defendant. Therefore, Ms. Drake is owed damages for 10 uncompensated overtime hours worked at one-half the calculated hourly rate of pay, or $7.47 per hour ($14.94 x 0.5 = $7.47) and for 7.5 uncompensated overtime hours at one and one-half the hourly rate of pay, or $22.41 per hour ($14.94 x 1.5 = $22.41). Thus, Ms. Drake is owed $242.78 (10 overtime hours worked x $7.47 per hour + 7.5 overtime hours worked x $22.41 per hour = $242.78) for uncompensated overtime hours worked during the week beginning May 23, 2012.

As an example of how days off were considered in my calculations, I will describe the computations used to calculate the amount of damages due to plaintiff Sandra Drake for the week beginning April 24, 2013. The Time Off Data records that Ms. Drake requested two days off ("vacation") for April 26, 2013 and April 27, 2013. Therefore, I assumed that Ms. Drake would have worked only three days during the week beginning April 24, 2013. According to the Plaintiff Data, Ms. Drake declared working approximately 57.5 hours each week as a Manager for the Defendant. For the week beginning April 24, 2013, Ms. Drake would have worked approximately 34.5 hours (57.5 hours per week / 5 days per week = 11.5 hours per day; 3 days worked x 11.5 hours per day = 34.5 hours worked during the week). Since Ms. Drake would

have worked less than 40 hours during the week beginning April 24, 2013, she is not owed any damages for that week.

<u>Results</u>

Table A-1 in Appendix A shows, for each plaintiff, the plaintiff's Consent date, the period of damages calculations, the average number of hours the plaintiff declared working each week as a Manager, the amount of damages owed to each plaintiff for uncompensated overtime hours worked beginning three years prior to their Consent dates, and the total amount of damages owed to each plaintiff including liquidated damages if such is approved by the court. For the period from September 8, 2011 through November 30, 2016, I have calculated that 47 plaintiffs are owed $721,280.23 for uncompensated overtime hours worked as Managers for the Defendant. If liquidated damages are approved by the Court under the FLSA Claim for these class members, then the total amount of damages for uncompensated overtime hours worked would be $1,442,560.46.

Table A-2 in Appendix A shows the amount of damages owed to each plaintiff for uncompensated overtime hours worked beginning two years prior to their Consent dates, and the total amount of damages owed to each plaintiff including liquidated damages if such is approved by the court. For the period from September 8, 2012 through November 30, 2016, I have calculated that 37 plaintiffs[12] are owed $454,979.56 for uncompensated overtime hours worked as Managers for the Defendant. If liquidated damages are approved by the Court under the FLSA Claim, or under the Missouri wage and hour claim, for these class members, then the total amount of damages for uncompensated overtime hours worked would be $909,959.12.

---

[12] The names of all 47 plaintiffs are shown in Table A-2. The nine plaintiffs who did not work as Managers within two years prior to their Consent dates are indicated as N/A.

Table A-3 in Appendix A shows the amount of damages owed to each plaintiff for uncompensated overtime hours worked beginning three years prior to their Consent dates, with liquidated damages calculated for only the first two years prior to their Consent dates. For the period from September 8, 2011 through November 30, 2016, 47 class members are owed a total of $1,176,259.79 for uncompensated overtime hours worked as Managers for the Defendant during the period beginning thee years prior to each class member's Consent date, including liquidated damages for only the first two years prior to each class member's Consent date.

Manager Hourly Rate of Pay

For each of the 47 class members who worked as a Manager (job code '1320') during the period from September 8, 2011 through November 30, 2016, I determined their hourly rate of pay each week by dividing their weekly salary, including any bonuses paid during the week, by the number of hours they declared working each week. The overall average hourly rate of pay for the 47 class members during the period from September 8, 2011 through November 30, 2016 was $11.27. Note that this hourly rate of pay does not include any premium for overtime hours worked. The overall average number of hours that the class members declared working each week was 62.07. The average of $11.27 per hour earned by the class members for 62.07 hours per week is equivalent to a regular hourly pay rate of approximately $9.57, and an overtime hourly rate of $14.36 ($9.57 x 1.5 = $14.36), if the class members' weekly salaries were to include a premium for overtime hours worked ($9.57 x 40 regular hours + $14.36 x 22.07 overtime hours = $699.73 per week; $11.27 per hour x 62.07 hours per week = $699.53 per week).

Concluding Remarks

The opinions that I express herein are based on my education, training, teaching, research, professional consultations, publications, experience and expertise as detailed in my curriculum vitae, other information reasonably relied upon by members of my profession, and my own analyses.

If any additional data or information is provided that indicates further analyses need to be conducted, I will file supplemental reports. I may also offer testimony about opinions expressed by Defendants' experts that come under my area of expertise.

_____          _____
Liesl M. Fox, Ph.D.                                      March 2, 2017
                                                                       Date

10

# Appendix A

Damages for Each Opt-In Plaintiff

**Table A-1**
**Damages for Each Opt-In Plaintiff Beginning Three Years Prior to Consent Date**

| Name | Average Number of Hours Worked per Week | Consent Date | Period of Damages Calculations | Total Damages | Total Including Liquidated Damages |
|------|------|------|------|------|------|
| ANDERSON,CHARITY L | 65.0 | 02/03/2016 | 02/03/2013-02/05/2013 | $0.00 | $0.00 |
| ARNDT,CADE A | 65.0 | 03/03/2016 | 12/11/2013-07/21/2014 | $11,239.10 | $22,478.20 |
| BAILEY,ALYSIA A | 60.0 | 01/14/2016 | 01/14/2013-01/22/2013 | $538.40 | $1,076.80 |
| BANCROFT,TINA M | 57.0 | 03/07/2016 | 04/16/2014-12/22/2015 | $18,226.28 | $36,452.56 |
| HERRINGTON,KATE | 72.5 | 02/22/2016 | 12/17/2014-02/15/2015 | $4,239.94 | $8,479.88 |
| BURGESS,DOUGLAS L | 57.5 | 02/16/2016 | 02/16/2013-08/19/2014 | $16,048.05 | $32,096.10 |
| CAMDEN,MICHAEL R | 55.0 | 01/14/2016 | 01/14/2013-06/07/2013 | $2,718.92 | $5,437.84 |
| COLEMAN,DAVID P | 60.0 | 01/21/2016 | 03/06/2013-11/30/2016 | $49,169.58 | $98,339.16 |
| COMBS,ORRY | 60.0 | 03/07/2016 | 11/20/2013-07/08/2014 | $7,566.96 | $15,133.92 |
| DRAKE,SANDRA C | 57.5 | 09/08/2014 | 09/08/2011-11/01/2013 | $19,400.28 | $38,800.56 |
| FISCHER-WILLIAMS,DINAH K | 52.5 | 01/19/2016 | 01/19/2013-11/30/2016 | $21,401.45 | $42,802.90 |
| FISHER,BRIAN | 55.0 | 01/15/2016 | 03/13/2013-04/04/2014 | $6,783.61 | $13,567.22 |
| FROST,THOMAS T | 57.0 | 03/07/2016 | 09/24/2014-12/17/2015 | $11,664.06 | $23,328.12 |
| GARCIA,ALISHIA ANN | 50.0 | 01/22/2016 | 02/11/2015-10/20/2015 | $2,153.60 | $4,307.20 |
| HAMPTON,SHANNON | 60.0 | 03/10/2016 | 03/10/2013-05/20/2014 | $14,855.28 | $29,710.56 |
| HAYS,DANIEL A | 70.0 | 01/15/2016 | 10/07/2015-05/09/2016 | $11,707.10 | $23,414.20 |
| HOLMES,HARRY | 60.0 | 01/28/2016 | 08/06/2014-07/30/2015 | $8,658.00 | $17,316.00 |
| HOLMES,LESA | 62.5 | 02/04/2016 | 02/04/2013-11/30/2016 | $41,023.16 | $82,046.32 |
| HOLZHEU III,PAUL PETER | 55.0 | 01/25/2016 | 09/24/2014-06/12/2015 | $5,584.96 | $11,169.92 |
| HORNBECK,CYNTHIA MARLENE | 55.0 | 01/21/2016 | 01/21/2013-04/11/2014 | $9,314.73 | $18,629.46 |
| HUBER,JENNIFER LYNN | 65.0 | 02/05/2016 | 02/05/2013-04/12/2013 | $3,095.80 | $6,191.60 |
| HUGHES,STEPHANIE A | 67.5 | 02/22/2016 | 02/22/2013-07/24/2014 | $25,515.23 | $51,030.46 |
| INTRAVAIA,MICHAEL | 60.0 | 01/14/2016 | 01/14/2013-06/30/2013 | $7,392.00 | $14,784.00 |
| JONES,BRITANY | 65.0 | 01/15/2016 | 01/01/2014-12/29/2015 | $39,017.25 | $78,034.50 |
| JONES,MELANIE MARIE | 67.5 | 01/19/2016 | 01/19/2013-09/09/2014 | $26,240.11 | $52,480.22 |
| JONES,MICHAEL T | 72.0 | 01/25/2016 | 01/15/2014-08/30/2014 | $16,886.10 | $33,772.20 |
| KELLEY,NORMAN E | 57.5 | 01/19/2016 | 01/19/2013-09/15/2015 | $18,400.43 | $36,800.86 |
| KEY,BRITTANY E | 60.0 | 01/15/2016 | 01/15/2013-04/16/2013 | $3,430.40 | $6,860.80 |
| LANSER,EVAN | 56.5 | 01/27/2016 | 01/27/2013-04/08/2014 | $11,198.06 | $22,396.12 |
| LAWRENCE,TIMOTHY RYAN | 65.0 | 01/28/2016 | 03/13/2013-07/16/2013 | $4,643.70 | $9,287.40 |

**Table A-1**
**Damages for Each Opt-In Plaintiff Beginning Three Years Prior to Consent Date**

| Name | Average Number of Hours Worked per Week | Consent Date | Period of Damages Calculations | Total Damages | Total Including Liquidated Damages |
|------|-----|-----|-----|-----|-----|
| MILLIKAN,JENNIFFER S | 82.5 | 03/14/2016 | 08/28/2013-05/06/2014 | $22,697.08 | $45,394.16 |
| RICE,WILICIA | 62.5 | 01/25/2016 | 01/25/2013-03/05/2013 | $1,918.08 | $3,836.16 |
| ONEAL,ERIC | 62.5 | 03/02/2016 | 03/02/2013-09/02/2014 | $24,095.72 | $48,191.44 |
| RINES,TREVOR LEON | 75.0 | 01/14/2016 | 02/05/2014-11/17/2014 | $21,481.70 | $42,963.40 |
| RICHTER,KYLE N | 57.5 | 01/15/2016 | 08/14/2013-01/12/2016 | $21,397.81 | $42,795.62 |
| ROSENKRANZ,LAURA ANN | 75.0 | 01/19/2016 | 01/19/2013-08/23/2013 | $17,289.40 | $34,578.80 |
| SCHROEDER,HANNAH ERIN | 60.0 | 01/21/2016 | 02/26/2014-07/14/2015 | $10,232.48 | $20,464.96 |
| SKINNER,JENNIFER NYCOLE | 65.0 | 03/28/2016 | 05/14/2014-11/10/2015 | $26,187.25 | $52,374.50 |
| SMITH,RANDY | 50.0 | 09/08/2014 | 09/08/2011-11/26/2012 | $3,167.40 | $6,334.80 |
| TRACY,AARIKA M | 65.0 | 03/11/2016 | 10/07/2015-06/25/2016 | $11,574.95 | $23,149.90 |
| TRAUTWEIN,ALICIA M | 60.0 | 01/14/2016 | 01/14/2013-04/15/2014 | $14,375.28 | $28,750.56 |
| VONDERHEIDE,JESSICA L | 60.0 | 01/14/2016 | 01/14/2013-11/30/2016 | $42,521.10 | $85,042.20 |
| WELLS-CHERRY,KIMBERLY S | 57.5 | 02/24/2016 | 02/24/2013-07/30/2013 | $5,001.82 | $10,003.64 |
| WIEGAND,SYDNEY DANIELLE | 70.0 | 03/03/2016 | 06/11/2014-10/21/2014 | $8,950.90 | $17,901.80 |
| WILLIAMS,KELLY A | 70.0 | 01/14/2016 | 07/10/2013-04/20/2015 | $40,710.20 | $81,420.40 |
| WOLFSHOEFER,KATRINA MICHELLE | 60.0 | 01/27/2016 | 01/27/2013-11/30/2016 | $26,889.10 | $53,778.20 |
| ZELLER,TINA L | 62.5 | 02/03/2016 | 03/04/2015-08/01/2015 | $4,677.42 | $9,354.84 |
| **Total** | | | | **$721,280.23** | **$1,442,560.46** |

**Table A-2**
**Damages for Each Opt-In Plaintiff Beginning Two Years Prior to Consent Date**

| Name | Average Number of Hours Worked per Week | Consent Date | Period of Damages Calculations | Total Damages | Total Including Liquidated Damages |
|------|------|------|------|------|------|
| ANDERSON,CHARITY L | 65.0 | 02/03/2016 | N/A | | |
| ARNDT,CADE A | 65.0 | 03/03/2016 | 03/03/2014-07/21/2014 | $7,470.30 | $14,940.60 |
| BAILEY,ALYSIA A | 60.0 | 01/14/2016 | N/A | | |
| BANCROFT,TINA M | 57.0 | 03/07/2016 | 04/16/2014-12/22/2015 | $18,226.28 | $36,452.56 |
| HERRINGTON,KATE | 72.5 | 02/22/2016 | 12/17/2014-02/15/2015 | $4,239.94 | $8,479.88 |
| BURGESS,DOUGLAS L | 57.5 | 02/16/2016 | 02/16/2014-08/19/2014 | $5,468.25 | $10,936.50 |
| CAMDEN,MICHAEL R | 55.0 | 01/14/2016 | N/A | | |
| COLEMAN,DAVID P | 60.0 | 01/21/2016 | 01/21/2014-11/30/2016 | $37,391.30 | $74,782.60 |
| COMBS,ORRY | 60.0 | 03/07/2016 | 03/07/2014-07/08/2014 | $3,998.80 | $7,997.60 |
| DRAKE,SANDRA C | 57.5 | 09/08/2014 | 09/08/2012-11/01/2013 | $10,341.92 | $20,683.84 |
| FISCHER-WILLIAMS,DINAH K | 52.5 | 01/19/2016 | 01/19/2014-11/30/2016 | $15,666.01 | $31,332.02 |
| FISHER,BRIAN | 55.0 | 01/15/2016 | 01/15/2014-04/04/2014 | $1,230.29 | $2,460.58 |
| FROST,THOMAS T | 57.0 | 03/07/2016 | 09/24/2014-12/17/2015 | $11,664.06 | $23,328.12 |
| GARCIA,ALISHIA ANN | 50.0 | 01/22/2016 | 02/11/2015-10/20/2015 | $2,153.60 | $4,307.20 |
| HAMPTON,SHANNON | 60.0 | 03/10/2016 | 03/10/2014-05/20/2014 | $2,692.00 | $5,384.00 |
| HAYS,DANIEL A | 70.0 | 01/15/2016 | 10/07/2015-05/09/2016 | $11,707.10 | $23,414.20 |
| HOLMES,HARRY | 60.0 | 01/28/2016 | 08/06/2014-07/30/2015 | $8,658.00 | $17,316.00 |
| HOLMES,LESA | 62.5 | 02/04/2016 | 02/04/2014-11/30/2016 | $29,405.56 | $58,811.12 |
| HOLZHEU III,PAUL PETER | 55.0 | 01/25/2016 | 09/24/2014-06/12/2015 | $5,584.96 | $11,169.92 |
| HORNBECK,CYNTHIA MARLENE | 55.0 | 01/21/2016 | 01/21/2014-04/11/2014 | $2,029.59 | $4,059.18 |
| HUBER,JENNIFER LYNN | 65.0 | 02/05/2016 | N/A | | |
| HUGHES,STEPHANIE A | 67.5 | 02/22/2016 | 02/22/2014-07/24/2014 | $6,810.86 | $13,621.72 |
| INTRAVAIA,MICHAEL | 60.0 | 01/14/2016 | N/A | | |
| JONES,BRITANY | 65.0 | 01/15/2016 | 01/15/2014-12/29/2015 | $38,276.95 | $76,553.90 |
| JONES,MELANIE MARIE | 67.5 | 01/19/2016 | 01/19/2014-09/09/2014 | $10,852.25 | $21,704.50 |
| JONES,MICHAEL T | 72.0 | 01/25/2016 | 01/25/2014-08/30/2014 | $16,330.54 | $32,661.08 |
| KELLEY,NORMAN E | 57.5 | 01/19/2016 | 01/19/2014-09/15/2015 | $10,721.33 | $21,442.66 |
| KEY,BRITTANY E | 60.0 | 01/15/2016 | N/A | | |
| LANSER,EVAN | 56.5 | 01/27/2016 | 01/27/2014-04/08/2014 | $2,419.00 | $4,838.00 |
| LAWRENCE,TIMOTHY RYAN | 65.0 | 01/28/2016 | N/A | | |

**Table A-2**
**Damages for Each Opt-In Plaintiff Beginning Two Years Prior to Consent Date**

| Name | Average Number of Hours Worked per Week | Consent Date | Period of Damages Calculations | Total Damages | Total Including Liquidated Damages |
|------|------|------|------|------|------|
| MILLIKAN,JENNIFFER S | 82.5 | 03/14/2016 | 03/14/2014-05/06/2014 | $5,787.84 | $11,575.68 |
| RICE,WILICIA | 62.5 | 01/25/2016 | N/A | | |
| ONEAL,ERIC | 62.5 | 03/02/2016 | 03/02/2014-09/02/2014 | $8,059.30 | $16,118.60 |
| RINES,TREVOR LEON | 75.0 | 01/14/2016 | 02/05/2014-11/17/2014 | $21,481.70 | $42,963.40 |
| RICHTER,KYLE N | 57.5 | 01/15/2016 | 01/15/2014-01/12/2016 | $17,736.61 | $35,473.22 |
| ROSENKRANZ,LAURA ANN | 75.0 | 01/19/2016 | N/A | | |
| SCHROEDER,HANNAH ERIN | 60.0 | 01/21/2016 | 02/26/2014-07/14/2015 | $10,232.48 | $20,464.96 |
| SKINNER,JENNIFER NYCOLE | 65.0 | 03/28/2016 | 05/14/2014-11/10/2015 | $26,187.25 | $52,374.50 |
| SMITH,RANDY | 50.0 | 09/08/2014 | 09/08/2012-11/26/2012 | $471.10 | $942.20 |
| TRACY,AARIKA M | 65.0 | 03/11/2016 | 10/07/2015-06/25/2016 | $11,574.95 | $23,149.90 |
| TRAUTWEIN,ALICIA M | 60.0 | 01/14/2016 | 01/14/2014-04/15/2014 | $2,584.32 | $5,168.64 |
| VONDERHEIDE,JESSICA L | 60.0 | 01/14/2016 | 01/14/2014-11/30/2016 | $32,129.98 | $64,259.96 |
| WELLS-CHERRY,KIMBERLY S | 57.5 | 02/24/2016 | N/A | | |
| WIEGAND,SYDNEY DANIELLE | 70.0 | 03/03/2016 | 06/11/2014-10/21/2014 | $8,950.90 | $17,901.80 |
| WILLIAMS,KELLY A | 70.0 | 01/14/2016 | 01/14/2014-04/20/2015 | $28,611.00 | $57,222.00 |
| WOLFSHOEFER,KATRINA MICHELLE | 60.0 | 01/27/2016 | 01/27/2014-11/30/2016 | $13,155.82 | $26,311.64 |
| ZELLER,TINA L | 62.5 | 02/03/2016 | 03/04/2015-08/01/2015 | $4,677.42 | $9,354.84 |
| **Total** | | | | **$454,979.56** | **$909,959.12** |

**Table A-3**
**Damages for Each Opt-In Plaintiff Beginning Three Years Prior to Consent Date**
**Including Liquidated Damages for First Two Years Prior to Consent Date Only**

| Name | Average Number of Hours Worked per Week | Consent Date | Period of Damages Calculations | Damages For Third Year Prior to Consent | Damages For First Two Years Prior to Consent | Damages, Including Liquidated Damages, For First Two Years Prior to Consent | Total Including Liquidated Damages |
|---|---|---|---|---|---|---|---|
| ANDERSON,CHARITY L | 65.0 | 02/03/2016 | 02/03/2013-02/05/2013 | $0.00 | | | $0.00 |
| ARNDT,CADE A | 65.0 | 03/03/2016 | 12/11/2013-07/21/2014 | $3,768.80 | $7,470.30 | $14,940.60 | $18,709.40 |
| BAILEY,ALYSIA A | 60.0 | 01/14/2016 | 01/14/2013-01/22/2013 | $538.40 | | | $538.40 |
| BANCROFT,TINA M | 57.0 | 03/07/2016 | 04/16/2014-12/22/2015 | | $18,226.28 | $36,452.56 | $36,452.56 |
| HERRINGTON,KATE | 72.5 | 02/22/2016 | 12/17/2014-02/15/2015 | | $4,239.94 | $8,479.88 | $8,479.88 |
| BURGESS,DOUGLAS L | 57.5 | 02/16/2016 | 02/16/2013-08/19/2014 | $10,579.80 | $5,468.25 | $10,936.50 | $21,516.30 |
| CAMDEN,MICHAEL R | 55.0 | 01/14/2016 | 01/14/2013-06/07/2013 | $2,718.92 | | | $2,718.92 |
| COLEMAN,DAVID P | 60.0 | 01/21/2016 | 03/06/2013-11/30/2016 | $11,778.28 | $37,391.30 | $74,782.60 | $86,560.88 |
| COMBS,ORRY | 60.0 | 03/07/2016 | 11/20/2013-07/08/2014 | $3,568.16 | $3,998.80 | $7,997.60 | $11,565.76 |
| DRAKE,SANDRA C | 57.5 | 09/08/2014 | 09/08/2011-11/01/2013 | $9,058.36 | $10,341.92 | $20,683.84 | $29,742.20 |
| FISCHER-WILLIAMS,DINAH K | 52.5 | 01/19/2016 | 01/19/2013-11/30/2016 | $5,735.44 | $15,666.01 | $31,332.02 | $37,067.46 |
| FISHER,BRIAN | 55.0 | 01/15/2016 | 03/13/2013-04/04/2014 | $5,553.32 | $1,230.29 | $2,460.58 | $8,013.90 |
| FROST,THOMAS T | 57.0 | 03/07/2016 | 09/24/2014-12/17/2015 | | $11,664.06 | $23,328.12 | $23,328.12 |
| GARCIA,ALISHIA ANN | 50.0 | 01/22/2016 | 02/11/2015-10/20/2015 | | $2,153.60 | $4,307.20 | $4,307.20 |
| HAMPTON,SHANNON | 60.0 | 03/10/2016 | 03/10/2013-05/20/2014 | $12,163.28 | $2,692.00 | $5,384.00 | $17,547.28 |
| HAYS,DANIEL A | 70.0 | 01/15/2016 | 10/07/2015-05/09/2016 | | $11,707.10 | $23,414.20 | $23,414.20 |
| HOLMES,HARRY | 60.0 | 01/28/2016 | 08/06/2014-07/30/2015 | | $8,658.00 | $17,316.00 | $17,316.00 |
| HOLMES,LESA | 62.5 | 02/04/2016 | 02/04/2013-11/30/2016 | $11,617.60 | $29,405.56 | $58,811.12 | $70,428.72 |
| HOLZHEU III,PAUL PETER | 55.0 | 01/25/2016 | 09/24/2014-06/12/2015 | | $5,584.96 | $11,169.92 | $11,169.92 |
| HORNBECK,CYNTHIA MARLENE | 55.0 | 01/21/2016 | 01/21/2013-04/11/2014 | $7,285.14 | $2,029.59 | $4,059.18 | $11,344.32 |
| HUBER,JENNIFER LYNN | 65.0 | 02/05/2016 | 02/05/2013-04/12/2013 | $3,095.80 | | | $3,095.80 |
| HUGHES,STEPHANIE A | 67.5 | 02/22/2016 | 02/22/2013-07/24/2014 | $18,704.37 | $6,810.86 | $13,621.72 | $32,326.09 |
| INTRAVAIA,MICHAEL | 60.0 | 01/14/2016 | 01/14/2013-06/30/2013 | $7,392.00 | | | $7,392.00 |
| JONES,BRITANY | 65.0 | 01/15/2016 | 01/01/2014-12/29/2015 | $740.30 | $38,276.95 | $76,553.90 | $77,294.20 |
| JONES,MELANIE MARIE | 67.5 | 01/19/2016 | 01/19/2013-09/09/2014 | $15,387.86 | $10,852.25 | $21,704.50 | $37,092.36 |
| JONES,MICHAEL T | 72.0 | 01/25/2016 | 01/15/2014-08/30/2014 | $555.56 | $16,330.54 | $32,661.08 | $33,216.64 |
| KELLEY,NORMAN E | 57.5 | 01/19/2016 | 01/19/2013-09/15/2015 | $7,679.10 | $10,721.33 | $21,442.66 | $29,121.76 |
| KEY,BRITTANY E | 60.0 | 01/15/2016 | 01/15/2013-04/16/2013 | $3,430.40 | | | $3,430.40 |
| LANSER,EVAN | 56.5 | 01/27/2016 | 01/27/2013-04/08/2014 | $8,779.06 | $2,419.00 | $4,838.00 | $13,617.06 |
| LAWRENCE,TIMOTHY RYAN | 65.0 | 01/28/2016 | 03/13/2013-07/16/2013 | $4,643.70 | | | $4,643.70 |
| MILLIKAN,JENNIFFER S | 82.5 | 03/14/2016 | 08/28/2013-05/06/2014 | $16,909.24 | $5,787.84 | $11,575.68 | $28,484.92 |
| RICE,WILICIA | 62.5 | 01/25/2016 | 01/25/2013-03/05/2013 | $1,918.08 | | | $1,918.08 |
| ONEAL,ERIC | 62.5 | 03/02/2016 | 03/02/2013-09/02/2014 | $16,036.42 | $8,059.30 | $16,118.60 | $32,155.02 |
| RINES,TREVOR LEON | 75.0 | 01/14/2016 | 02/05/2014-11/17/2014 | | $21,481.70 | $42,963.40 | $42,963.40 |
| RICHTER,KYLE N | 57.5 | 01/15/2016 | 08/14/2013-01/12/2016 | $3,661.20 | $17,736.61 | $35,473.22 | $39,134.42 |
| ROSENKRANZ,LAURA ANN | 75.0 | 01/19/2016 | 01/19/2013-08/23/2013 | $17,289.40 | | | $17,289.40 |

Page 1 of 2

**Table A-3**
**Damages for Each Opt-In Plaintiff Beginning Three Years Prior to Consent Date**
**Including Liquidated Damages for First Two Years Prior to Consent Date Only**

| Name | Average Number of Hours Worked per Week | Consent Date | Period of Damages Calculations | Damages For Third Year Prior to Consent | Damages For First Two Years Prior to Consent | Damages, Including Liquidated Damages, For First Two Years Prior to Consent | Total Including Liquidated Damages |
|------|------|------|------|------|------|------|------|
| SCHROEDER,HANNAH ERIN | 60.0 | 01/21/2016 | 02/26/2014-07/14/2015 | | $10,232.48 | $20,464.96 | $20,464.96 |
| SKINNER,JENNIFER NYCOLE | 65.0 | 03/28/2016 | 05/14/2014-11/10/2015 | | $26,187.25 | $52,374.50 | $52,374.50 |
| SMITH,RANDY | 50.0 | 09/08/2014 | 09/08/2011-11/26/2012 | $2,696.30 | $471.10 | $942.20 | $3,638.50 |
| TRACY,AARIKA M | 65.0 | 03/11/2016 | 10/07/2015-06/25/2016 | | $11,574.95 | $23,149.90 | $23,149.90 |
| TRAUTWEIN,ALICIA M | 60.0 | 01/14/2016 | 01/14/2013-04/15/2014 | $11,790.96 | $2,584.32 | $5,168.64 | $16,959.60 |
| VONDERHEIDE,JESSICA L | 60.0 | 01/14/2016 | 01/14/2013-11/30/2016 | $10,391.12 | $32,129.98 | $64,259.96 | $74,651.08 |
| WELLS-CHERRY,KIMBERLY S | 57.5 | 02/24/2016 | 02/24/2013-07/30/2013 | $5,001.82 | | | $5,001.82 |
| WIEGAND,SYDNEY DANIELLE | 70.0 | 03/03/2016 | 06/11/2014-10/21/2014 | | $8,950.90 | $17,901.80 | $17,901.80 |
| WILLIAMS,KELLY A | 70.0 | 01/14/2016 | 07/10/2013-04/20/2015 | $12,099.20 | $28,611.00 | $57,222.00 | $69,321.20 |
| WOLFSHOEFER,KATRINA MICHELLE | 60.0 | 01/27/2016 | 01/27/2013-11/30/2016 | $13,733.28 | $13,155.82 | $26,311.64 | $40,044.92 |
| ZELLER,TINA L | 62.5 | 02/03/2016 | 03/04/2015-08/01/2015 | | $4,677.42 | $9,354.84 | $9,354.84 |
| **Total** | | | | **$266,300.67** | **$454,979.56** | **$909,959.12** | **$1,176,259.79** |

# Appendix B

Curriculum Vitae

**Curriculum Vitae**                                                  **March 2, 2017**

## *Liesl Mae Fox*

---

### <u>Home Address</u>

1316 Chester Street
Hoover, Alabama 35226
(205) 978-2944

### <u>Business Address</u>

Quantitative Research Associates
2015 Kentucky Avenue
Vestavia Hills, Alabama 35216
(205) 979-2991

### <u>Personal Information</u>

Born August 16, 1967 at Tacoma, Washington
Married, Four children

### <u>Education</u>

B.S. in Mathematics                     Missouri Southern State College
May 1992                                Joplin, Missouri

M.S. in Biostatistics                   University of Alabama at Birmingham
June 1995                               Birmingham, Alabama

Ph.D. in Biostatistics                  University of Alabama at Birmingham
December 1997                           Birmingham, Alabama

### <u>Professional Experience</u>

2000 to Present                         Senior Consultant
                                        Quantitative Research Associates
                                        2015 Kentucky Avenue
                                        Vestavia Hills, Alabama  35216

1997 to 2000                            Statistical Consultant
                                        Quantitative Research Associates
                                        2015 Kentucky Avenue
                                        Vestavia Hills, Alabama  35216

1995 to 1997                            Statistical Analyst
                                        Quantitative Research Associates
                                        2015 Kentucky Avenue
                                        Vestavia Hills, Alabama  35216

Curriculum Vitae                          Liesl M. Fox, Ph.D.                          Page 2

## *Professional Experience* (Continued)

| | |
|---|---|
| 1994 to 1997 | Statistician<br>Department of Biostatistics<br>University of Alabama at Birmingham<br>Birmingham, Alabama  35294 |
| 1994 to 1997 | Statistical Consultant<br>Rehabilitation and Employment Institute of Alabama<br>242 West Valley Avenue<br>Birmingham, Alabama 35209 |

## *Honors*

- Outstanding Doctoral Student, School of Public Health, Academic Year 1997-1998
- UAB Graduate School Fellowship, 1992 to 1995
- Delta Omega, Public Health Scholastic Honorary, 1995
- Phi Kappa Phi, Scholastic Honorary, 1994
- Outstanding Math Education Student, Academic Year 1990-1991
- Kappa Mu Epsilon, Mathematics Scholastic Honorary, 1991
- Who's Who in American Colleges & Universities, 1991

## *Professional Memberships*

- American Statistical Association, 1996 to Present

## *Publications*

**Fox LM**. (1995).  *The pseudo-binomial distribution: Applications in survival analysis*. Master's thesis, University of Alabama at Birmingham.

Webb JM, Rye B, **Fox LM**, Smith SD, Cash J. (1996).  State of dermatology training: The resident's perspective.  *Journal of the American Academy of Dermatology*, 34(6):1067-1071.

**Fox LM**. (1997).  *An exploration of the pseudo-binomial distribution with applications to survival curve confidence intervals*.  Doctoral dissertation, University of Alabama at Birmingham.

Sanchez OM, Childers NK, **Fox LM**, Bradley E. (1997). Physicians' views on pediatric preventive dental care. *Pediatric Dentistry*, 19(6):377-383.

Curriculum Vitae                    Liesl M. Fox, Ph.D.                    Page 3

**_Publications_** *(Continued)*

Nurko C, Aponte-Merced L, Bradley EL, **Fox LM**.  (1998). Dental caries prevalence and dental health care of Mexican-American workers' children.  *Journal of Dentistry for Children*, 65(1):65-72.

Mathur A, Roubin GS, Iyer SS, Piamsonboon C, Liu MW, Gomez CR, Yadav SS, Chastain HD, **Fox LM**, Dean LS, Vitek JJ. (1998).  Predictors of Stroke Complicating Carotid Artery Stenting.  *Circulation*, 97(13):1239-1245.

Azziz R, Rittmaster RS, **Fox LM**, Bradley EL, Potter HD, Boots LR. (1998). Role of the ovary in the adrenal androgen excess of hyperandrogenic women. *Fertility & Sterility*, 69(5):851-859.

Azziz R, Black V, Hines GA, **Fox LM**, Boots LR. (1998).  Adrenal androgen excess in the polycystic ovary syndrome: Sensitivity and responsivity of the hypothalamic-pituitary-adrenal axis. *The Journal of Clinical Endocrinology & Metabolism*, 83(7):2317-2323.

Buyalos RP, Jackson RV, Grice GI, Hockings GI, Torpy DJ, **Fox LM**, Boots LR, Azziz R. (1998). Androgen response to hypothalamic-pituitary-adrenal stimulation with naloxone in women with myotonic muscular dystrophy. *Journal of Clinical Endocrinology & Metabolism*, 83(9):3219-3224.

Azziz R, Rittmaster RS, **Fox LM**, Bradley EL, Potter HD, Boots LR (1998): Letter to the Editor. Re: The effect of ovarian steroid production on adrenal steroidogenesis?. *Fertility and Sterility*, 70:1187-1189.

Tanner JL, Craig CB, Bartolucci AA, Allon M, **Fox LM**, Geiger BF, Wilson NP. (1998). The effect of a self-monitoring tool on self-efficacy, health beliefs, and adherence in patients receiving hemodialysis. *Journal of Renal Nutrition*, 8(4):203-211.

Kuehne SAM, Everson MP, Gay S, **Fox LM**, Bradley EL, Garth WP, Haentzschel H, Fine PR, Gay RE. (1997).  Antibodies to Type II collagen following traumatic knee injury.  *Clinical Immunology and Immunopathology*.  Submitted.

Azziz R, Hincapie LA, Knochenhauer ES, Dewailly D, **Fox LM**, Boots LR. (1999). Screening for 21-hydroxylase deficient non-classic adrenal hyperplasia among hyperandrogenic women: A prospective study. *Fertility and Sterility,* 72(5):915-925.

Smith BA, Morgan SL, Vaughn WH, **Fox LM**, Canfield GJ, Bartolucci AA. (1999). Comparison of a computer-based food frequency questionnaire for calcium intake with two other assessment tools. *Journal of the American Dietetic Association*, 99(12):1579-1581.

Thomson SW, Heimburger DC, Cornwell PE, Turner ME, Sauberlich HE, **Fox LM**, Butterworth CE.  (2000).  Correlates of total plasma homocysteine: Folic acid, copper, and cervical dysplasia. *Nutrition,* 16(6):411-416.

## *Publications* (Continued)

Thomson SW, Heimburger DC, Cornwell PE, Turner ME, Sauberlich HE, **Fox LM**, Butterworth CE. (2000). Effect of total plasma homocysteine on cervical dysplasia risk. *Nutrition & Cancer,* 37(2):128-133.

Azziz R, **Fox LM**, Zacur HA, Parker CR, Boots LR. (2001). Adrenocortical secretion of dehydroepiandrosterone in healthy women: highly variable response to adrenocorticotropin. *Journal of Clinical Endocrinology & Metabolism*, 86(6):2513-2517.

## *Abstracts and Presentations*

Nurko C, Aponte-Merced L, Bradley E, **Fox LM**. (1996).  Dental caries and dental care of Mexican-American migrant children.  *Pediatric Dentistry*, 18(2):170.

Wisniewski JF, Curcio BF, Bartolucci AA, **Fox LM**, Lovell J. (1996).  Patterns of nicotine and alcohol usage in professional baseball players.  *Journal of Dental Research*, 75(Special Issue):82, IADR abstract 517.

Azziz R, Dewailly D, Cortet-Rudelli C, **Fox LM**, Bradley EL, Boots LR. (1996, June).  11β-hydroxylase (11-OH) activity is not exaggerated in 21-hydroxylase (21-OH) deficient non-classic adrenal hyperplasia (NCAH).  Poster session, 10th International Congress of Endocrinology, San Francisco.

Azziz R, Grice JE, Jackson RV, Hockings GI, Thorpy DJ, **Fox LM**, Boots LR. (1996, June). Androgen response to hypothalamic-pituitary-adrenal stimulation with naloxone in patients with myotonic muscular dystrophy (DM).  Poster session, 10th International Congress of Endocrinology, San Francisco.

Azziz R, Rittmaster RS, **Fox LM**, Bradley EL, Potter HD, Boots LR. (1996, June).  Changes in dehydroepiandrosterone (DHA) sulfate (DHS) levels during ovarian suppression of hyperandrogenic women do not reflect alterations in the ACTH-stimulated secretion of DHA. Poster session, 10th International Congress of Endocrinology, San Francisco.

Wisniewski JF, Curcio BF, **Fox LM**, Bartolucci AA, Lovell J, Lasky L, Lunetta D. (1997). American "spit tobacco" behavior patterns: Cultural and demographic associations among athletes.  *Journal of Dental Research*, 76(Special Issue):88, IADR abstract 600.

Wisniewski JF, Ryan M, Bartz SD, **Fox LM**, Bartolucci AA. (1997).  Nicotine use among a group of National Football League (NFL) players.  *Journal of Dental Research*, 76(Special Issue):89, IADR abstract 601.

Azziz R, Hincapie LA, Conway-Myers BA, Knochenhauer ES, **Fox LM**, Cortet-Rudelli C, Dewailly D, Boots LR. (1998). Screening for 21-hydroxylase (21-OH) deficient non-classic adrenal hyperplasia (NCAH) in hyperandrogenic (HA) women: A prospective study.  *The Endocrine Society.*

Curriculum Vitae                    Liesl M. Fox, Ph.D.                    Page 5

## *Legal Testimony*

Abdela Tum, et al., vs Barber Foods, Inc.: 00-371-P-C (2002): US District Court for the District of Maine. Charles Dixon, plaintiff attorney. Claim for uncompensated time worked. By deposition.

Oliver Dean, et al., vs International Truck and Engine Corp, et al.: CV-01-C-7955 (2004): US District Court for the Northern District of Illinois, Eastern Division, Judge Elaine E. Bucklo. Lee Winston, plaintiff attorney. Racial discrimination in hiring. By deposition.

Bill Robinson, et al. vs Gordon R. England: 1:02-CV-94-2 (WLS) (2005): US District Court for the Middle District of Georgia, Albany Division, Judge Sands. Rocco Calamusa, plaintiff attorney. Racial discrimination in hiring and promotion. By deposition.

Quinton Brown, et al. vs. Nucor Corporation: 2:04-CV-22005-12BG (2006): US District Court for the District of South Carolina, Charleston Division. Robert L. Wiggins, plaintiff attorney. Racial discrimination in promotions. By deposition.

Douglas Powers, et al. vs. U.S. Department of Transportation: 4-99-4127 and 4-99-4106 (2007): US Equal Employment Opportunity Commission, Chicago District Office. Robert F. Childs, plaintiff attorney. Gender and age discrimination in raises. By deposition.

Charles Morrow, et al. v. Flowers Foods, Inc., et al.: 3:07-CV-617-MHT (2008): US District Court for the Middle District of Alabama, Judge Myron Thompson. Amy Weaver, plaintiff attorney. Claim for uncompensated time worked. By deposition.

Susie Knott, et al. v. Dollar Tree Stores, Inc.: 7:06-CV-1553-LSC (2009): US District Court for the Northern District of Alabama, Judge L. Scott Coogler. Robert F. Childs, plaintiff attorney. Claim for uncompensated time worked. By deposition.

Linda Johnson, et al. v. Koch Foods, LLC: 2:2007-CV-0051 (2010): US District Court for the Eastern District of Tennessee at Greenville, Judge Leon Jordan. Jerry Martin, plaintiff attorney. Claim for uncompensated time worked. By deposition.

Wanda Womack, et al. v. Dollar General, et al.: 2:06-CV-0465-VEH (2010): US District Court for the Northern District of Alabama, Southern Division, Judge Virginia Emerson Hopkins. Robert L. Wiggins, plaintiff attorney. Gender discrimination in salaries. By deposition.

Williams, et al. v. Tyson Foods, Inc.: 07-CV-00093 (2010): US District Court for the Middle District of Georgia, Columbus Division. Christine Webber, plaintiff attorney. Claim for uncompensated time worked. By deposition.

Lopez, et al. v. Tyson Foods, Inc.: 8:06-CV-459-LES-TDT (2011): US District Court for the District of Nebraska. Robert L. Wiggins, plaintiff attorney. Claim for uncompensated time worked. By deposition and at trial.

Tom Kunstmann, et al. v. Aaron Rents, Inc.: CV-08-AR-1969-WMA (2011): US District Court for the Northern District of Alabama, Southern Division. Gregory Wiggins, plaintiff attorney. Claim for uncompensated time worked. By deposition.

Bouaphakeo, et al. v. Tyson Foods, Inc.: 5:07-CV-4009-JAJ-TJS (2011): US District Court for the Northern District of Iowa. Robert L. Wiggins, plaintiff attorney. Claim for uncompensated time worked. By deposition and at trial.

Maria Guyton, et al. v. Tyson Foods, Inc.: 3:07-CV-00088-JAJ-TJS (2012): US District Court for the Southern District of Iowa. Robert L. Wiggins, plaintiff attorney. Claim for uncompensated time worked. At trial.

Kenneth Campbell, et al. v. National Railroad Passenger Corporation, et al.: 1:99-CV-02979 (2012): US District Court for the District of Columbia. Robert F. Childs, plaintiff attorney. Racial discrimination in promotions and disciplines. By deposition.

Manual Acosta, et al., v. Tyson Foods, Inc.: 8:08-CV-00086-JFB-TDT (2013): US District Court for the District of Nebraska. Robert L. Wiggins, plaintiff attorney. Claim for uncompensated time worked. At trial.

Vonda Noel, et al., v. Metropolitan Government of Nashville and Davidson County, Tennessee: 3:11-CV-519 (2013): US District Court for the Middle District of Tennessee. David Garrison, plaintiff attorney. Claim for uncompensated time worked. By deposition.

Davina Hurt, et al., v. Commerce Energy, Inc., et al.: 1:12-CV-00758 (2014): US District Court for the Northern District of Ohio. Nicole Fiorelli, plaintiff attorney. Claim for uncompensated time worked. By deposition.

Calvin Childress, et al., v. Ozark Delivery of Missouri, L.L.C., et al.: 09-3133-RED (2014): US District Court for the Western District of Missouri. Brendan J. Donelon, plaintiff attorney. Claim for uncompensated time worked. By deposition.

Beth Ann Sappington v. The Doe Run Resources Corporation: 01-14-0000-8529 (2015): American Arbitration Association, Leland Shurin Arbitrator. Rocco Calamusa, Jr., plaintiff attorney. Claims for uncompensated time worked. At hearing.

Luanna Scott, et al., v. Family Dollar Stores, Inc.: 3:08-cv-540 (2016): US District Court for the Western District of North Carolina. Robert L. Wiggins, plaintiff attorney. Gender discrimination in salaries. By deposition.

Sandra Drake, et al., v. Steak N Shake Operations, Inc.: 4:14-cv-1535-JAR (2017): US District Court for the Eastern District of Missouri, Eastern Division. Brendan J. Donelon, plaintiff attorney. Claim for uncompensated time worked. By deposition.