UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA DRAKE and RANDY SMITH, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STEAK N SHAKE OPERATIONS, INC.,<br><br>Defendant. | Case No. 4:14-cv-01535-JAR |

## MEMORANDUM AND ORDER

On February 27, 2018, the Court held a hearing at the request of the Parties regarding their Joint Proposed Scheduling Plan. (*See* Doc. 180.) At the hearing, Defendant Steak N Shake Operations, Inc, ("SnS") asked the Court to authorize ten additional depositions of absent members of the Rule 23 class and to order Plaintiffs to supplement their trial plan with the names of the witnesses they intend to call at trial. (*See* Doc. 193.) Plaintiffs opposed both requests. (*See* Doc. 194.) For the following reasons, the Court will deny SnS's request to depose absent class members and will order Plaintiffs to supplement their trial plan.

**Background**

In 2014, Plaintiffs filed a class action under Federal Rule of Civil Procedure 23, alleging that Defendant failed to properly pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b), and Missouri law. On December 17, 2015, the Court granted the parties' joint stipulation of conditional certification of a putative class to pursue a collective action under the Fair Labor Standards Act ("FLSA"), defined as:

1) With respect to Count I: Current and former Managers employed in Defendant's St. Louis Group Market[1] who worked for Defendant three years from the date of this Order to the present.

2) With Respect to Count III: Current and former female Managers employed in Defendant's St. Louis Group Market who worked for Defendant three years from the date of this Order to the present.

(Doc. 39.)  The FLSA collective now consists of forty-six opt-in plaintiffs.  On December 22, 2017, the Court denied SnS's motion to decertify the FLSA collective and granted Plaintiffs' motion to certify a Rule 23 class to pursue overtime claims under Missouri Law, defined as "All persons who worked as Defendant Steak N Shake ('SnS') Managers at all corporate owned retail restaurants located in the State of Missouri at any time from September 8, 2012 to the present." (Doc. 170.)  The Rule 23 class includes nearly 300 members.

In the first phase of discovery, SnS selected and deposed eighteen opt-in plaintiffs from the FLSA collective, eleven of whom are also part of the now-certified Rule 23 class.  (Doc. 194 at 5.)  According to the Parties at the hearing, each deposition lasted the better part of a business day.  In addition, SnS drafted and collected questionnaires from forty-five members of the FLSA collective, thirty-four of whom are also members of the Rule 23 class.  (*Id*. at 5.)

### A. Additional Depositions of Absent Rule 23 Class Members

At the hearing, SnS argued that, because the FLSA collective is made up entirely of opt-in plaintiffs, it was not a representative sample of the collective or the Rule 23 class.  Citing the statistical concept of selection bias, SnS asserted that although it was able to pick which FLSA collective members it wanted to depose or question, it was forced to pick from a biased pool. SnS asserts that it is therefore impossible to know whether the deposition testimony and questionnaire responses accurately reflect the job duties and daily activities of Missouri Steak N Shake managers.  Accordingly, it seeks to depose an additional ten managers, pulled from the

---

[1] SnS's St. Louis Group Market includes stores outside of Missouri.

Rule 23 class, as a way to test the bias of the FLSA collective. Put simply, SnS hopes to find potential witnesses whose experiences differ from the opt-in plaintiffs.

Plaintiffs argue that discovery involving unnamed putative class members is the rare exception to the general rule that "[c]ourts typically limit discovery to named plaintiffs or class representatives." (Doc. 194 at 2 (quoting *In re Nat'l Hockey League Players' Concussion Injury Litig.*, No. MDL 14-2551, 2015 WL 1191272, at *4 (D. Minn. Mar. 16, 2015)).) At the hearing, Plaintiffs also argued that SnS's prior depositions and questionnaires cover most of the FLSA collective and detail the job duties and daily activity at the vast majority of restaurants associated with the Rule 23 class action. Plaintiffs assert that SnS has therefore already collected sufficient discovery to proceed to trial.

The Court agrees with Plaintiffs. SnS has already conducted substantial merits discovery directly related to a majority of the putative class of plaintiffs; SnS conducted day-long depositions of eighteen plaintiffs and has collected questionnaire information from many more. Moreover, the Court notes that, while SnS is now prohibited from contacting members of the Rule 23 class, it was not prevented from contacting them prior to certification and therefore could have interviewed some of the would-be class members currently in their employ. Finally, the Court notes that SnS's interest in additional depositions is apparently targeted at revisiting the certification/decertification issue which the Court considered in great depth in its December 22, 2017 order. (Doc. 170.) Put simply, the Court does not believe that ordering additional depositions of absent Rule 23 class members are warranted here. That said, the Court notes that SnS may ultimately be able to depose additional class members whom Plaintiffs designate as witnesses, as discussed more fully below. The Court will therefore deny SnS's request for an order allowing it to depose absent class members.

B.  Identification of Plaintiffs' Witnesses

SnS also seeks an order compelling Plaintiffs to supplement their trial plan (Doc. 117), to identify the witnesses it intends to call at trial.  (Doc. 193 at 5-6.)  SnS argues that disclosure is in the interest of fundamental fairness and will allow it to depose Plaintiffs' witnesses prior to trial.  (*Id*.)  Plaintiffs' trial plan indicates that they will call the two named plaintiffs, five to seven unidentified class members, and, should the jury find that SnS is liable, a damages expert, Dr. Liesl Fox.  (Doc. 117.)  At the hearing, Plaintiffs reported that the majority of those witnesses were already deposed by SnS during the initial phase of discovery, but conceded that they intend to call three or four witnesses who have not yet been questioned.

The Court agrees with SnS that fundamental fairness dictates that Plaintiffs should identify their witnesses at this time.  Of note, the nature of a class action allows Plaintiffs to proceed on representative testimony.  Given that SnS will be unable to cross-examine every member of the FLSA collective and Rule 23 class, the importance of pre-trial examination of those witnesses is magnified.  The Court will therefore grant SnS's request for an order compelling Plaintiffs to supplement their trial plan and will allow SnS to depose any witness identified by Plaintiffs whom it has not already deposed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall supplement their trial plan (Doc. 117), no later than May 4, 2018, to include the identity of all persons they intend to call as witnesses at trial.  SnS is entitled to depose any fact witness Plaintiff identifies whom it has not already deposed.

Dated this 1st day of March, 2018.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**