# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

SANDRA DRAKE and RANDY SMITH, )
on behalf of themselves and others similarly )
situated, )
                                                   )
        Plaintiffs, )
                                                   )
vs. )    Case No. 4:14-cv-01535-JAR
                                                   )
STEAK N SHAKE OPERATIONS, INC., )
                                                   )
        Defendant. )
                                                   )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Steak N Shake Operations, Inc.'s ("SnS") Motion for Protective Order. (Doc. 223.) Plaintiffs oppose the motion (Doc. 225), and SnS has replied (Doc. 226).

### I. Background

On June 26, 2018, Plaintiffs noticed a deposition of SnS CEO Sardar Biglari. (*See* Doc. 223.) Plaintiffs intend to ask Biglari about SnS's 2016 decision to reclassify Managers as non-exempt, overtime-eligible employees and subsequent decision to return them to exempt status. (*See* Doc. 225 at 2.) Plaintiffs suggest that these decisions reflect Biglari's view of Managers' qualification for exempt status and that only he can say for sure why Managers were reclassified. (*Id.*) SnS asserts that the change in classification was motivated by the Department of Labor's proposed amendment to salary requirements and that Managers' job duties were not discussed. (Doc. 224 at 1-2.) Because this case turns on the issue of Managers' job duties, SnS argues that the 2016 decision has no relevance to this suit. Plaintiffs respond that Biglari's participation is

relevant to SnS's knowledge of the FLSA and Plaintiffs' allegation that SnS willfully violated the statute or otherwise acted in bad faith. (Doc. 225.)

## II. Legal Standard

DistrictcCourts may limit the frequency or extent of discovery when the information sought is cumulative or duplicative, could be obtained from a more convenient source, or is outside the scope of discovery. Fed. R. Civ. P. 26(b)(2)(C). To that end, a court may enter a protective order forbidding a deposition to protect a party from undue burden or expense. Fed. R. Civ. P. 26(c)(1). Information that is not relevant to a claim or defense is outside the scope of discovery. Fed. R. Civ. P. 26(b)(1).

In addition, courts are often skeptical of attempts to depose high-level corporate executives in light of the increased risk of harassment or abuse directed at a defendant's leadership. This so-called "apex deposition doctrine" prohibits plaintiffs from deposing high-level corporate officials unless the plaintiff can show that "(1) the executive has unique or special knowledge of the facts at issue, and (2) other less burdensome avenues for obtaining the information sought have been exhausted." *Gladue v. Saint Francis Med. Ctr.*, No. 1:13-CV-00186-CEJ, 2014 WL 7205153, at *1 (E.D. Mo. Dec. 17, 2014) (quoting *Ingersoll v. Farmland Foods, Inc.*, No. 10–6046–CV–SJ–FJG, 2011 WL 1131129, at *7 (W.D. Mo. Mar. 28, 2011)).

## III. Analysis

a. *The "Facts at Issue"*

The Court finds that Plaintiffs cannot make the required showing. At issue in this case is whether SnS Managers are properly classified as exempt administrative or executive employees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Missouri law. (Doc. 1 at 6-8.) To establish that Managers qualify for either, SnS must show that they meet minimum

2

compensation requirements ("the salary test") and that their job duties align with those listed in the exemptions ("the duty test"). *See* 29 C.F.R. § 541.100, .200. Plaintiffs do not dispute that they meet the salary test. Instead, they argue that their actually daily work activity does not meet the duty test under either exemption. Accordingly, the "facts at issue" in this case, for purposes of the apex deposition doctrine, are those that relate to Managers' job duties.

b. *"Unique or Special Knowledge"*

The Court concludes that Plaintiffs have not shown that Biglari has unique or special knowledge of Managers' job duties. SnS asserts that the reclassification decision was based on the higher threshold for the salary test and not the duty test, and that therefore Biglari does not possess unique or special knowledge regarding the facts at issue in this case. That assertion is supported by the deposition testimony of SnS COO Scott Moore (Doc. 224-2 at 5 (testifying that the reclassification decision was the result of the Department of Labor's amended regulations)), the sworn statement of SnS CFO Duane Geiger (Doc. 224-3 at 1-3 (stating that the reclassification decision was based on the increase salary requirement and did not include a discussion of job duties)), and the timing of the change (*See Id.* at 2 (stating that SnS Managers were reclassified as overtime-eligible in November 2016)); Fact Sheet: Final Rule to Update the Regulations Defining and Delimiting the Exemption for Executive, Administrative, and Professional Employees (May 2016), https://www.dol.gov/whd/overtime/final2016/overtime-factsheet.pdf (stating that the increased minimum compensation requirements would go into effect on December 1, 2016).

Plaintiffs argue that Biglari was the ultimate decision-maker and that "[m]isclassification cases involve . . . the reasons why an employer classified an employee as overtime exempt in the first place." (Doc. 225 at 8.) However, the Court does not see how a CEO making a final

3

decision as to compensating employees necessarily indicates that he or she possesses some unique or special knowledge, especially concerning a statutory provision that did not affect the decision. Indeed, Moore testified that Biglari's final decision to reclassify Managers amounted to little more than a blessing of Moore's proposed solution. (Doc. 224-2 at 7.)

To the extent the reclassification decision is relevant to Plaintiffs' claims, others—some of whom have testified already and at least one other who will do so soon—have comparable knowledge. (Moore Depo. Doc. 224-2; Geiger Decl. Doc. 224-3; Doc. 226 at 2 (representing that Plaintiffs have noticed a deposition of Mike Conner, an SnS employee involved in the discussions). Put simply, the Court is not persuaded that Biglari has unique or special knowledge of the decision.

c. *"Other Less Burdensome Avenues"*

Furthermore, as the Court has already indicated, other avenues exist by which Plaintiffs can obtain (and have obtained) information regarding SnS's understanding of the facts at issue in this case. First, SnS's position on Managers' job duties is readily apparent from the face of its uniform job description and handbook. To the extent Plaintiffs insist on emphasizing the reasoning for the 2016 reclassification, SnS's COO and CFO have both provided information under oath that the decision did not involve Managers' job duties or otherwise relate to the duty test.

Plaintiffs assert that Bilgari's true reasoning for approving the reclassification "rests only in his mind." (Doc. 225 at 8.) This may be true but it is outside the scope of this case. The statutory exemptions do not require intent and if the Managers meet the duty test (or do not), Biglari's intent will not affect the outcome the Court's analysis of whether Managers meet the duty test. The Court concludes that Plaintiffs' past and future deposition of other SnS executives

4

provides a less burdensome avenue by which they may obtain the information they seek from Biglari—the reasoning behind the 2016 reclassification—even as the Court believes that information has little relevance to Plaintiffs' claims.

### d. *"Willfulness" and "Good Faith"*

Under 29 U.S.C. § 255(a), cases arising out of the willful FLSA violations enjoy an extended, three-year statute of limitations. A violation is willful when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1082 (8th Cir. 2000) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Under 29 U.S.C. § 260, Plaintiffs may not obtain liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to [FLSA liability] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Jarrett*, 211 F.3d at 1083 (quoting 29 U.S.C. § 260). A finding of willfulness typically leads to a finding that the employer was not acting in good faith. *See id.* (quoting *EEOC v. City of Detroit Health Dept.*, 920 F.2d 355, 360 (6th Cir. 1990) (observing that "it is hard to mount a serious argument that an employer, found to have acted willfully, could nonetheless still be found to have acted in good faith.")

Plaintiff argues that deposing Biglari is the only means by which they can establish whether SnS knowingly or recklessly ignored the FLSA requirements in classifying Managers as exempt. (Doc. 225 at 8-9.) As to the question of willfulness, the Court concludes that Plaintiffs can obtain discovery regarding SnS's corporate knowledge of the exemptions and motivations for classifying Managers as exempt without deposing Biglari. Moreover, the Court finds implausible Plaintiffs' apparent hope that Biglari will testify in a deposition that he knowingly

5

misclassified Managers or otherwise indicate that SnS's classification decisions were not made based on a thorough reading of the statute. As to the question of good faith, the Court notes that the defendant bears the burden of proving its reasonable grounds for making the classification decision. The default position is that liquidated damages are available to Plaintiffs and therefore deposing Biglari is not necessary to obtain them.

## IV. Conclusion

The Court finds that Plaintiffs cannot show, at this time, that Biglari has unique or specialized knowledge of the facts at issue in this case and that less burdensome avenues exist to obtain the information Plaintiffs seek. Furthermore, the Court finds that deposing Biglari is not essential to Plaintiffs' assertion that SnS willfully misclassified Managers or that SnS acted in bad faith.

Accordingly

**IT IS HEREBY ORDERED** that Defendant Steak N Shake Operations, Inc.'s Motion for Protective Order (Doc. 223), is **GRANTED**. Plaintiffs are prohibited from deposing Sardar Biglari absent further leave from the Court.

Dated this 30th day of July, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE