# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SANDRA DRAKE and RANDY SMITH, ) <br> on behalf of themselves and others similarly ) <br> situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> STEAK N SHAKE OPERATIONS, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 4:14-cv-01535-JAR |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Steak N Shake Operations, Inc.'s ("SnS") Motion for Summary Judgment as to opt-in Plaintiff Katrina Wolfshoefer. (Doc. 158.) Plaintiffs oppose the motion. (Doc. 234.)

### **Procedural Background**

On October 25, 2017, the Court granted Plaintiffs' Motion to Stay Briefing on two SnS motions for summary judgment until it ruled on the parties' competing motions to certify/decertify Plaintiffs' class action. (Doc. 167.) One of those motions for summary judgment was directed at Wolfshoefer on the ground that her deposition testimony conclusively establishes that she was an overtime-exempt managerial and/or administrative employee. (Docs. 158, 159.) On December 22, 2017, the Court granted Plaintiffs' Motion to Certify a class consisting of "[a]ll persons who worked as Defendant Steak N Shake ('SnS') Managers at all corporate owned retail restaurants located in the State of Missouri at any time from September 8, 2012 to the present." (Doc. 170 at 1.)

On January 10, 2018, the Court lifted the stay on briefing. (Doc. 173.) Rather than respond to SnS's Motion for Summary Judgment, Plaintiffs moved to dismiss it, arguing that the Court's order granting certification rendered the motion moot. (Docs. 174, 175.) The Court denied Plaintiffs' Motion to Dismiss and directed them to respond to SnS's Motion for Summary Judgment. (Doc. 230.) Plaintiffs did so (Doc. 234), and SnS replied (Doc. 236).

## Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). In ruling on a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the non-moving party. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The evidence is not weighed and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

Once the moving party demonstrates that there is no genuine issue of material fact, the nonmovant must do more than show there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing a genuine factual dispute that must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson*, 477 U.S. at 248). Judgment as a matter of law is appropriate only when "the

court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Fed. R. Civ. P. 50(a).

## Discussion

As noted, the basis of SnS's motion is that Wolfshoefer's deposition testimony conclusively proves that she qualifies as an overtime-exempt managerial and/or executive employee. (Doc. 159 at 15-33.) As the Court explained in its certification order, the executive and administrative exemptions to the FLSA turn on an employee's primary job duties. Executive employees' primary duties include managing subordinates and significant involvement in personnel decisions, usually with minimal supervision from superiors. 29 C.F.R. § 541.100. Administrative employees' primary duties involve office or non-manual work related to "management or general business operations" and other "matters of significance." 29 C.F.R. § 541.200. Courts place substantial weight on the amount of time an employee spends on exempt duties relative to non-exempt duties. 29 C.F.R. § 541.700.

SnS cites several places in Wolfshoefer's testimony in which she states that she regularly performed exempt duties such as managing inventory, disciplining subordinates, interviewing applicants, and handling customer complaints. (Doc. 159-1 at 10.) She also concedes that she was almost always the most senior employee in the restaurant. (*Id*.) In addition, SnS notes that Wolfshoefer rated herself as an "expert" in a number of managerial and administrative tasks on her performance evaluation. (Doc. 159-2 at 72-77.) However, Wolfshoefer also testified that she spent the majority of her time doing manual tasks such as food preparation and serving and that those jobs were the most important to the successful operation of the restaurant. (Doc. 234-1 at 23, 27.) Wolfshoefer's testimony therefore creates a genuine issue of material fact as to what her primary job duties are, such that summary judgment is not appropriate.

Moreover, the Court has already certified a class that includes Wolfshoefer and "[a]ll [other] persons who worked as Defendant Steak N Shake ('SnS') Managers at all corporate owned retail restaurants located in the State of Missouri at any time from September 8, 2012 to the present." (Doc. 170 at 1.)  In so doing, the Court determined that the "material aspects of [the class members'] employment experiences [were] more alike than different," and that the differences SnS identified "d[id] not outweigh the similarities Plaintiffs describe[d]." (*Id*. at 8, 9, 13-14.)  The Court finds that Wolfshoefer's experience is not so unlike the other class members' that she is uniquely recognizable as exempt.  Thus, SnS has not shown that "a reasonable jury would not have a legally sufficient evidentiary basis to find" that SnS is liable to Wolfshoefer and therefore SnS is not entitled to judgment as a matter of law as to her claims.

Accordingly,

**IT IS HEREBY ORDERED** that that Defendant's Motion for Summary Judgment (Doc. 158) is **DENIED**.

Dated this 28th day of September, 2018.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**