UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA DRAKE and RANDY SMITH, on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>STEAK N SHAKE OPERATIONS, INC.,<br><br>      Defendant. | Case No. 4:14-cv-01535-JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment as to the Executive and Administrative Exemptions under the Fair Labor Standards Act ("FLSA"). (Doc. 245.)  Defendant Steak-N-Shake Operations, Inc. ("SnS") responded in opposition (Doc. 260), and Plaintiffs replied (Doc. 263.)

**Background[1]**

Plaintiffs represent 286 current and former Managers suing SnS for unpaid overtime under the Missouri Minimum Wage Law ("MMWL") and the FLSA.[2]  SnS stores are typically staffed with a General Manager ("GM"), a Manager, Production and Service Trainers, and front-line production and service associates, although not every store has someone in every position. Management employees often assist in the manual labor of producing and serving food.

---

[1] The facts are taken from Plaintiffs' Statement of Uncontroverted Material Facts (Doc. 246-1), Defendant's Response and Additional Uncontroverted Material Facts (Doc. 261), Plaintiffs' Replies (Docs. 264, 265), and all attachments thereto.
[2] There are 275 members in the MMWL class and 11 opt-in members in the FLSA class.

The FLSA requires employers to pay an employee one and one half times his or her hourly rate for all time after forty hours in any single work week, unless the employee qualifies for a statutory exemption. 29 U.S.C. § 207(a)(1). The MMWL adopts the FLSA's overtime and exemption rules. *See* Mo. Rev. Stat. § 290.505.2. SnS Managers routinely work fifty or more hours per week, but the corporation classifies them as exempt from overtime and pays them an annual salary, pursuant to the executive and administrative exemptions in the FLSA. *See* 29 C.F.R. §§ 541.100, 541.200. Plaintiffs now move for summary judgment, arguing that SnS cannot show that Managers qualify for either exemption.

## Legal Standards

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). In ruling on a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the nonmoving party. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The Court does not weigh evidence or make credibility determinations. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

To show that there is a genuine issue of material fact, the nonmovant must do more than show there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must set forth affirmative evidence and specific facts by affidavit or other evidence showing a genuine factual dispute that must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at

2

324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson*, 477 U.S. at 248). Judgment as a matter of law is appropriate only when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Fed. R. Civ. P. 50(a).

"[T]he application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Hertz v. Woodbury Cty., Iowa*, 566 F.3d 775, 783 (8th Cir. 2009) (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974)). Thus, to survive summary judgment, SnS must put forth "sufficient favorable evidence that could enable a jury" to find that each element of the executive or administrative exemption is met. *Stockdall v. TG Investments, Inc.*, No. 4:14CV01557 ERW, 2015 WL 9303105, at *3 (E.D. Mo. Dec. 22, 2015)

FLSA exemptions turn on an employee's "primary duty." *See* 29 C.F.R. §§ 541.100, .200. When ascertaining an employee's primary duty, the Court considers "the relative importance of the exempt duties as compared with [nonexempt] duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the [same] nonexempt work." 29 C.F.R. § 541.700. "The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee" but "is not the sole test"; "[e]mployees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement." *Id.* That said, employees who perform some exempt work but are "closely supervised and earn little more than the nonexempt employees . . . generally would not satisfy the primary duty requirement" for an

3

exemption. *Id.* Qualification for an FLSA exemption depends on the "duties actually performed by the employee" and not his or her intended responsibilities. *Madden v. Lumber One Home Ctr., Inc.*, 745 F.3d 899, 906 (8th Cir. 2014) (quoting 5 C.F.R. § 551.202(e)). Employees whose primary duties involve a combination of exempt executive and exempt administrative work would still qualify as exempt. 29 C.F.R. § 541.708.

## Discussion

As noted, SnS argues that its Managers' most important duties are managerial and administrative, qualifying them as exempt executive or administrative employees.

### I. Executive Exemption

An employee qualifies as an exempt executive when:

(1) he or she meets the minimum compensation requirements;[3]

(2) his or her "primary duty is management of the enterprise" or one of its departments or subdivisions;

(3) he or she "customarily and regularly directs the work of two or more other employees"; and

(4) he or she "has the authority to hire or fire other employees" or particular weight is given to his or her suggestions and recommendations as to other employees' hiring, firing, advancement, promotion or other change of employment status.

29 C.F.R. § 541.100(a). The regulations provide a non-exhaustive list of "management" duties like directing the work of others and participating in personnel decisions and adds "maintaining production or sales records for use in supervision or control"; "determining the techniques to be used"; "apportioning the work among the employees"; "determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold"; "providing for the safety and security of the employees or the property"; "planning and

---

[3] Plaintiffs do not dispute that Managers are paid enough to meet the compensation requirement for the executive exemption.

controlling the budget"; and "monitoring or implementing legal compliance measures." 29 C.F.R. § 541.102.

Plaintiffs present testimony from more than a dozen Managers in support of its assertion that "Managers' most important job duties are the production and service tasks they perform the majority of every day." (Doc. 246 at 10.) They offer testimony that Managers spend most of their time preparing and serving food—the same work hourly associates perform—and that such work is the "life blood" of the restaurant. To that end, they argue that if Managers did not spend the bulk of their time preparing and serving food, SnS stores would stop functioning. Plaintiffs suggest that stores were chronically understaffed and that SnS used salaried labor to avoid paying for additional hourly employees. In addition, Plaintiffs present testimony that their work was strictly controlled by SnS corporate policy, that staffing and work assignments were made by GMs without Manager input, that their supervision of hourly employees was nominal and sporadic, and that their involvement in personnel decisions was minimal and rarely influential. In short, Plaintiffs argue that SnS Managers do very little managing at all.

SnS disputes Plaintiffs' assertion that Managers' primary duty is the same production and service work that hourly employees perform. It offers testimony from both class members and other SnS employees to show that Managers perform management duties even while making or serving food. Those witnesses testified that when an employee or guest issue arises while a Manager is working on production or service tasks, the Manager will stop what he or she is doing to address it. SnS also rejects Plaintiffs' characterization that SnS stores are "chronically understaffed" and cites testimony suggesting that staffing issues only occurred "sometimes" in some stores. SnS recognizes that it, like any large company, provides thorough and specific corporate guidance, but asserts that "[m]anagers have discretion in a variety of areas including,

5

but not limited to, handling customer complaints, hiring applicants, and disciplining employees." Regarding the latter two areas, SnS offers testimony from Managers who have unilaterally hired new employees and who have taken both formal and informal disciplinary actions on their own. In addition, SnS notes that some Managers spend significant time scheduling hourly employees.

The Court concludes that SnS has gone beyond the pleadings to set forth affirmative evidence and specific facts by affidavit and other evidence showing a genuine factual dispute that must be resolved at trial. *Liberty Lobby*, 477 U.S. at 249. Given that Plaintiffs and SnS offer conflicting testimony as to the scope and significance of Managers' duties, the Court finds that there is a genuine issue of material fact such that it cannot say as a matter of law that "management of the enterprise" is (or is not) an SnS Manager's primary duty. 29 C.F.R. § 541.100(a).

### II. Administrative Exemption

An employee qualifies as an exempt administrator when:

(1) he or she meets the minimum compensation requirements;[4]

(2) his or her "primary duty is the performance of office or non-manual work directly related to the management or general business operations"; and

(3) his or her "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."

29 C.F.R. § 541.200(a). Exempt administrative duties typically involve work in the areas of "tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar

---

[4] Plaintiffs do not dispute that Managers are paid enough to meet the compensation requirement for the administrative exemption.

activities." 29 C.F.R. § 541.201(b). Meanwhile, "the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered," and the regulations instruct courts to consider numerous factors when analyzing this element, such as "whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices . . . [or] waive or deviate from established policies and procedures without prior approval." 29 C.F.R. § 541.202(b). Courts also ask whether the employee "provides consultation or expert advice to management . . . investigates and resolves matters of significance on behalf of management . . . [or] . . . represents the company in handling complaints, arbitrating disputes or resolving grievances." *Id*.

Once again, Plaintiffs present testimony from Managers who remember little, if any, work in the listed areas. They reiterate that their primary duty was food production and service, that they had very little discretion in what they did or how they did it, and that their independent judgment was rarely necessary or even sought. Plaintiffs specifically assert that they performed no work in the areas of tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertisement; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network; internet and database administration; or legal and regulatory compliance.

SnS reiterates its position that the preparation and service of food is not a Manager's primary duty. It highlights testimony in which Managers do recall performing work related to quality control, food safety, and discipline, as well as being responsible for compliance with legal obligations like labor restrictions on minors and giving mandated breaks. SnS additionally

7

asserts that Managers are routinely responsible for resolving customer satisfaction issues, which are considered a major concern and matter of significance by the company.

The Court concludes that a genuine dispute of material fact also exists as to whether Managers qualify for the administrative exemption. Once again, each side provides affirmative evidence beyond the pleadings in support of their position. The Court cannot say as a matter of law that an SnS Manager's primary duty is (or is not) the "performance of office or non-manual work directly related to the management or general business operations." 29 C.F.R. § 541.200(a).

## Conclusion

Plaintiffs have presented evidence from which a jury could infer that SnS Managers' primary duty is the same manual labor of food production and service engaged in by hourly employees. SnS has responded with evidence from which a jury could infer that SnS Managers' primary duties are managerial, administrative, or a mix of both. "When conflicting inferences can be drawn from the facts, summary judgment is inappropriate." *Snyder v. United States*, 717 F.2d 1193, 1195 (8th Cir. 1983) (*Robertson v. Siedman & Siedman*, 609 F.2d 583 (2d Cir. 1979)). Only a jury may exercise "[e]valuative judgment between two rationally possible conclusions from facts." *Minnis v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., UAW*, 531 F.2d 850, 854 (8th Cir. 1975)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (Doc. 245), is **DENIED.**

Dated this 10th Day of December, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

8