#### IN THE UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SANDRA DRAKE, et al.,          )<br>                                                    )<br>        Plaintiffs,                       )<br>                                                    )      Case No. 4:14-cv-01535-JAR<br>vs.                                              )<br>                                                    )<br>STEAK N SHAKE OPERATIONS, INC.,  )<br>                                                    )<br>        Defendant.                     ) | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION AND REVISION OF COURT ORDER

The citations in Plaintiffs' own Motion for Reconsideration negate the relief they seek. Defendant never stated an intent to completely abandon the combination exemption for *all* Managers. Moreover, granting Plaintiffs summary judgment on the combination exemption, while also holding that there is a triable issue of fact as to the executive and administrative exemptions that would make up the combination exemption would produce an absurd result. The Court reached the right conclusion, and the order denying summary judgment should stand.

In order to obtain a defense verdict at trial, Defendant must proffer sufficient (and convincing) evidence that the SNS Managers meet the requirements for – at least – the executive exemption *or* the administrative exemption. 29 U.S.C. § 213 (FLSA exemptions apply to any employee employed in an executive, administrative, *or* professional capacity); 29 C.F.R. § 541.100; 29 C.F.R. § 541.200. Defendant has been clear since the outset of this case that it intends to proffer evidence to establish that the Managers were both executively and administratively exempt. Indeed, Defendant successfully argued in opposition to Plaintiffs' summary judgment motion that there is already sufficient evidence in the record that may allow it to establish both

exemptions. *See* Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 260); Court's December 10, 2018 Order (Doc. 269).

At this point in time, Defendant believes the evidence on those exemptions will be sufficient to support a defense verdict. As counsel for Defendant stated to Plaintiffs' counsel on December 17: "we are not presently planning on submitting a jury instruction on the combo exemption, just one on the administrative and one on the executive. If the evidence that comes in at trial supports a jury instruction on the combo exemption then we would ask one to be submitted and the court would decide based on the evidence before it." In every jury trial, the Court must consider the evidence adduced and make decisions on whether it has been sufficient to support each jury instruction. It is unclear why Plaintiffs believe that would be inappropriate here, or how they believe they have been harmed by the Court's order.

Indeed, at trial, Defendant intends to proffer evidence that Managers prepare schedules, assign hourly associates to stations, participate in interviews and hiring decisions, recommend promotions and terminations, and conduct performance evaluations. This will establish Managers are executively exempt. 29 C.F.R. § 541.100. Defendant also intends to proffer evidence that Managers make bank deposits, address customer complaints, evaluate labor costs, and order inventory. This will establish Managers are administratively exempt. 29 C.F.R. § 541.200. None of this evidence can come as a surprise to Plaintiffs. To the contrary, it was all cited in Defendant's opposition to Plaintiff's summary judgment motion.

Plaintiffs argue that Defendant should not be able to present evidence on the combination exemption. But the *same* evidence will support the executive and administrative exemptions, and Plaintiffs certainly are not arguing Defendant should be precluded from presenting *that* evidence. Plaintiffs also argue that Defendant cannot defeat summary judgment by simply pointing to

allegations in the pleadings or the hope of discrediting the movant's evidence at trial. That is far from what Defendant has done. In response to the motion for summary judgment, Defendant presented actual evidence from the record that establishes there is a triable issue of fact on both the executive and administrative exemptions.

In the end, there is no basis for the Court to reconsider or revise its order. For the reasons stated herein, as well as in Defendant's summary judgment briefing, the Court reached the correct order on Plaintiffs' motion for summary judgment. It should stand, and Plaintiffs' motion for reconsideration should be denied.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Erin E. Williams*
Rodney A. Harrison, #44566MO
Erin E. Williams, #60935MO
René L. Duckworth, #62070MO
Mallory M. Stumpf, #70377MO
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
Telephone:  314.802.3935
Facsimile:  314.802.3960
rodney.harrison@ogletree.com
erin.williams@ogletree.com
rene.duckworth@ogletree.com
mallory.stumpf@ogletree.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 24th day of December, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

*/s/ Erin E. Williams*
An Attorney for Defendant

36798791.1