## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SANDRA DRAKE and RANDY SMITH, )
on behalf of themselves and others similarly )
situated, )
                     )
     Plaintiffs, )
                     )
vs. )   Case No. 4:14-cv-01535-JAR
                     )
STEAK N SHAKE OPERATIONS, INC., )
                     )
     Defendant. )
                     )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration (Doc. 272), of the Court's December 12, 2018, order denying Plaintiff's Motion for Partial Summary Judgment as to the Executive and Administrative Exemptions under the Fair Labor Standards Act ("FLSA"), (Doc. 269). Defendant Steak-N-Shake Operations, Inc. ("SnS") opposes the motion (Doc. 273), and Plaintiffs have replied (Doc. 274.)

## Legal Standard

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Bracht*

1

*v. Grushewshy*, No. 4:04CV1286 HEA, 2007 WL 43847, at *1 (E.D. Mo. Jan. 4, 2007) (quoting

*Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

## Analysis

In its order, the Court denied summary judgment, concluding that:

> Plaintiffs have presented evidence from which a jury could infer that SnS
> Managers' primary duty is the same manual labor of food production and service
> engaged in by hourly employees. SnS has responded with evidence from which a
> jury could infer that SnS Managers' primary duties are managerial,
> administrative, or a mix of both.

(Doc. 269 at 8.) Plaintiffs contend that the Court erred by including "a mix of both" because SnS

waived the so-called combination exemption in briefing on Plaintiffs' motion. (Doc. 272.)

Plaintiffs point to SnS's response to one of Plaintiffs' statements of uncontroverted material fact

as proof that SnS waived the defense:

> As legal justification for denying overtime pay to Managers, defendant SnS
> alleges as affirmative defenses that the executive exemption, administrative
> exemption, and combination of these two exemptions under the FLSA, 29 U.S.C.
> § 213(a)(1), apply to all Managers.
>
> > Source: Doc. 135, Defendant's Memo in Support of Decertification, pg. 1.
> > Doc. 159, Defendant's Memo in Support of Summary Judgment
> > (Wolfshoefer), pgs. 1-2.
>
> Response: Defendant admits it alleges the affirmative defenses that the executive
> exemption and administrative exemption apply to all Managers. **Defendant
> denies that it continues to rely on the combination exemption for all Managers.**
> *See* Defendant's Trial Plan, Doc. 222.

(Doc. 261 at 3 (emphasis added).) Plaintiffs assert that the combination exemption is a

standalone affirmative defense under 29 C.F.R. § 541.708 and argue that SnS failed in its

response to identify the specific factual basis that supports it. (Doc. 274 at 4.)

Plaintiffs are correct that, when a defendant does "not press [a] defense in its response to

the plaintiff's motion for partial summary judgment," the defense is deemed waived. *Dysart v.

Gwin*, No. 408CV00185 FRB, 2009 WL 1588653, at *6 (E.D. Mo. June 5, 2009) (citing *Picht v.

2

*John R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001)). Likewise, Plaintiffs are correct that a party opposing summary judgment "must identify and provide evidence of specific facts creating a triable controversy." *Lacurtis v. Express Med. Transporters, Inc.*, 189 F. Supp. 3d 903, 909 (E.D. Mo. 2016), *aff'd*, 856 F.3d 571 (8th Cir. 2017) (quoting *Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800 (8th Cir. 2004)).

However, the Court concludes that Plaintiffs misconstrue the so-called combination exemption. Under 29 C.F.R. § 541.708, "[e]mployees who perform a combination of exempt duties as set forth in the regulations in this part for executive, administrative, professional, outside sales and computer employees may qualify for exemption." This language does not create a separate, stand-alone, waivable exemption or affirmative defense, as Plaintiffs suggest. Instead, it merely allows an employer to establish that an employee is exempt by "cobbling together different exempt duties for purposes of meeting the primary-duty test." (*Id.* (quoting *Schmidt v. Eagle Waste & Recycling, Inc.*, 598 F. Supp. 2d 928, 937 (W.D. Wis. 2009)).) Indeed, as Plaintiffs note in their motion for reconsideration, the combination exemption is available only "when an employee does not meet the primary-duty requirement of any individual exemption." (Doc. 274 at 2 (quoting *Friedman v. Nat'l Indem. Co.*, No. 8:16-CV-258, 2018 WL 1954218, at \*5 (D. Neb. Apr. 13, 2018)).)

In *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 295 (4th Cir. 2007), the Fourth Circuit relied on the Secretary of Labor's interpretation to conclude that § 541.708 does not give rise to an independent exemption. In that case, the court noted the Secretary's "longstanding support of" "reading the combination-exemption regulation to provide an alternative method for satisfying the primary-duty test," "rather than creating a new, independent test for exempt status." *Id.* at 293, 294. This Court additionally notes that the combination exemption is found in Subpart H,

"Definitions and Miscellaneous Provisions," along with sections providing guidance on determining primary duty, § 541.700, using manuals, § 541.704, trainees, § 541.705, and occasional tasks, § 541.707. It does not appear in a dedicated subpart outlining the specific requirements for proving exempt status, as the other express exemptions are in § 541.11-.607.

Plaintiffs present *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 285 (E.D.N.Y. 2013), in support of their argument that "[t]he combination exemption is a stand alone exemption argument in addition to the executive and administrative exemptions." (Doc. 274 at 3.) The Court disagrees. In *Callari*, the Eastern District of New York summarizes § 541.708's language and then finds that summary judgment is inappropriate because, "[t]here exists triable issues of material fact in this case that are best suited for resolution by a jury, particularly with respect to whether the Plaintiff's primary duty involved sales or involved managerial responsibilities." 988 F. Supp. 2d at 285. The court does not expressly state that § 541.708 as an independent exemption—in contrast to the Fourth Circuit's and Secretary of Labor's conclusions—and shows that it is entirely reliant on the elements of the underlying alleged exemptions.

Ultimately, the Court concludes that § 541.708 does not create a stand-alone exemption and therefore it is not subject to the waiver-by-omission rule applicable to affirmative defenses. It likewise follows that if SnS has presented sufficient evidence to survive summary judgment on evidence of the executive and administrative exemptions—as the Court has already found—that evidence is also sufficient to create a triable controversy as to whether § 541.708 applies.

Even if SnS's response amounted to a waiver of an affirmative defense, as Plaintiffs argue, courts have discretion in allowing a party to advance a defense otherwise waived by omission "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see, e.g., Canal Ins. Co. v. Merritt*,

654 F. Supp. 285, 287 (W.D. Mo. 1986). The Court is cognizant of the underlying principal in civil procedure that a party must provide its opponent fair notice of its "claim[s] and grounds for relief," *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008), and agrees with SnS that all three potential avenues to relief rely on the same body evidence, meaning Plaintiffs will not be significantly prejudiced by allowing SnS to argue that its evidence supports exempt treatment for Managers based on a combination of the two express exemptions.

### Conclusion

The Court finds that allowing SnS to argue that Managers are exempt under § 541.708 was not a manifest errors of law or fact. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 272), is **DENIED**.

Dated this 15th day of January, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE