**Instruction No. 1**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones  I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important.

You will have copies of the instructions I am about to give you now in the jury room.

*given 2/25/2019*

*John A. Ross*

**Instruction No. 2**

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

## Instruction No. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time;  whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

**Instruction No. 4**

You will have to decide whether certain facts have been proved by the greater weight of the evidence.  A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case; so put it out of your mind.

### Instruction No. 5

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the court security officer that you are ready to return to the courtroom.

**Instruction No. 6**

Under the wage and hour laws, an employer must pay overtime compensation to an employee in any workweek in which the employee has worked more than 40 hours unless the employee is exempt from the overtime requirements under one or more exemptions. The dispute in this case is whether plaintiff Managers meet the requirements of one or more of those exemptions, specifically the "executive," "administrative" and/or "combination" exemption. The burden is on defendant Steak-N-Shake to establish the elements of these exemptions. I will now instruct you on the law you must follow in deciding whether plaintiff Managers are exempt from the overtime requirements of the law under these exemptions.

**Instruction No. 7**

The plaintiff Managers and the defendant Steak-N-Shake have stipulated - that is, they have agreed - that the following facts are true. You must, therefore, treat those facts as having been proved.

1.      This Court has jurisdiction and venue over the claims asserted by the Plaintiff Managers.

2.      Defendant Steak-N-Shake is an "employer" as defined under the federal wage law – the Fair Labor Standards Act ("FLSA") - and Missouri's wage laws.

3.      Plaintiff Managers are "employees" as defined under the FLSA and Missouri's wage laws.

4.      At all relevant times, plaintiff Managers were compensated on a salary basis at a rate not less than $455 per week.

5.      Plaintiff Managers worked more than 40 hours in one or more workweeks.

6.      At all relevant times, defendant Steak-N-Shake classified plaintiff Managers as exempt and did not pay plaintiff Managers overtime pay for hours worked by plaintiff Managers in excess of 40 hours in one or more workweeks.

7.      During the time period relevant to this case, each plaintiff Manager would have signed the Certification of Job Duties form once or twice a year.

**Instruction No. 8**

An employee cannot waive their legal right to overtime pay. If an employee accepts a job that pays on a salaried basis only, this does not prevent the employee from being legally entitled to overtime pay.

**Instruction No. 9**

A job title alone is insufficient to establish the exempt status of an employee.    The

exempt or non-exempt status of any particular employee must be determined on the basis of

whether the employee's duties meet the requirements of the exemptions.

### Instruction No. 10

To qualify for exemption, an employee's 'primary duty' must be the performance of exempt work.  The term "primary duty" means the principal, main, major, or most important duty that the plaintiff Managers perform. Factors to consider in determining the plaintiff Managers' primary duties include, but are not limited to:

    a.  the relative importance of the plaintiff Managers' managerial duties compared to his/her non-managerial duties;

    b.  the amount of time plaintiff Managers spend performing managerial work compared to non-managerial work;

    c.  the plaintiff Managers' relative freedom from direct supervision; and

    d.  the relationship between the plaintiff Managers' compensation and the wages paid to defendant Steak-N-Shake's non-exempt hourly employees.

The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee.  Thus, employees who spend more than 50% of their time performing exempt work will generally satisfy the primary duty requirement.  Time alone is not the sole test for determining whether exempt work is the primary duty of an employee.  Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion.

## Instruction No. 11

Your verdict must be for defendant Steak-N-Shake and against plaintiff Managers on plaintiff Managers' claims only if defendant Steak-N-Shake has proved all of the following elements of the executive exemption by the greater weight of the evidence:

*First*, plaintiff Managers' primary duty was management of defendant Steak-N-Shake's restaurant; and

*Second*, plaintiff Managers customarily and regularly directed the work of at least two or more other full-time employees or their equivalent; and

*Third*, plaintiff Managers had authority to hire and fire other employees, or plaintiff Managers' suggestions and recommendations as to hiring, firing, advancement, promotion or other change of status of other employees were given particular weight.

The term "primary duty" has been defined in Instruction 10.

The phrase "management" includes but is not limited to activities such as interviewing, selecting, and training employees; setting and adjusting employees' rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

The phrase "customarily and regularly" means a frequency that is greater than occasional, but may be less than constant. Work performed customarily and regularly includes work normally and recurrently performed every workweek; it does not include isolated or one- time tasks.

To determine whether plaintiff Managers' suggestions and recommendations are given "particular weight," you should consider: (1) whether it is part of the plaintiff Managers' job duties to make such suggestions and recommendations; (2) the frequency with which such suggestions and recommendations are made or requested; and (3) the frequency with which the employee's suggestions and recommendations are relied upon.

Concurrent performance of exempt and non-exempt work does not disqualify an employee from the executive exemption if the requirements of this exemption are otherwise met. Whether an employee meets the requirements of the executive exemption when the employee performs concurrent duties is determined based on the factors set forth in Instruction 10. Generally, exempt executives make the decision regarding when to perform nonexempt duties and remain responsible for the success or failure of business operations under their management while performing the nonexempt work.   In contrast, the nonexempt employee generally is directed by a supervisor to perform the exempt work or performs the exempt work for defined time periods.   An employee whose primary duty is ordinary production work or routine, recurrent or repetitive tasks cannot qualify for exemption as an executive.

For example, an assistant manager in a retail establishment may perform work such as serving customers, cooking food, stocking shelves and cleaning the establishment, but performance of such nonexempt work does not preclude the exemption if the assistant manager's primary duty is management. An assistant manager can supervise employees and serve

customers at the same time without losing the exemption. An exempt employee can also simultaneously direct the work of other employees and stock shelves.

In contrast, a relief supervisor or working supervisor whose primary duty is performing nonexempt work on the production line in a manufacturing plant does not become exempt merely because the nonexempt production line employee occasionally has some responsibility for directing the work of other nonexempt production line employees when, for example, the exempt supervisor is unavailable. Similarly, an employee whose primary duty is to work as an electrician is not an exempt executive even if the employee also directs the work of other employees on the job site, orders parts and materials for the job, and handles requests from the prime contractor.

**Instruction No. 12**

Your verdict must be for defendant Steak-N-Shake and against plaintiff Managers on plaintiff Managers' claims only if defendant Steak-N-Shake has proved all of the following elements of the administrative exemption by the greater weight of the evidence:

*First*, plaintiff Managers' primary duty was the performance of office or non-manual work directly related to the management or general business operations of defendant Steak-N-Shake or defendant Steak-N-Shake's customers; and

*Second*, plaintiff Managers' primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

The term "primary duty" has been defined in Instruction 10.

The phrase "work directly related to management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.

In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the

various possibilities have been considered.   The term "matters of significance" refers to the level of importance or consequence of the work performed.

Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.  The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources.

The exercise of discretion and independent judgment does not include, for example, clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work.  The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate

direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.

Human resources managers who formulate, interpret or implement employment policies and management consultants who study the operations of a business and propose changes in organization generally meet the duties requirements for the administrative exemption. However, personnel clerks who "screen" applicants to obtain data regarding their minimum qualifications and fitness for employment generally do not meet the duties requirements for the administrative exemption. Such personnel clerks typically will reject all applicants who do not meet minimum standards for the particular job or for employment by the company. The minimum standards are usually set by the exempt human resources manager or other company officials, and the decision to hire from the group of qualified applicants who do meet the minimum standards is similarly made by the exempt human resources manager or other company officials. Thus, when the interviewing and screening functions are performed by the human resources manager or personnel manager who makes the hiring decision or makes recommendations for hiring from the pool of qualified applicants, such duties constitute exempt work, even though routine, because this work is directly and closely related to the employee's exempt functions.

**Instruction No. 13**

If you find that defendant Steak-N-Shake failed to prove that the plaintiff Managers'
primary duties satisfied the test for the executive or administrative exemption under Instructions
11 and 12, but you find that defendant Steak-N-Shake has proved by the greater weight of the
evidence that plaintiff Managers' primary duty was some combination of these exemptions and
defendant Steak-N-Shake has proved that the other requirements of those exemptions apply, then
you may find that defendant Steak-N-Shake has met its burden of proving plaintiff Managers
were not entitled to overtime.

Where the responsibilities of an employee do not satisfy any of the separate primary duty
tests for the executive or administrative exemptions, but the employee does perform some
exempt duties in two or more of those categories, then the employee may be exempt under the
combination exemption if and only if the combination of duties, when tacked together, satisfy the
primary duty test as defined under Instruction 10.

The plaintiff Managers do not fall under any of the executive, administrative, or
combination exemptions, where their primary duty consists of non-exempt duties.

**Instruction No. 14**

If you do not find for defendant Steak-N-Shake under Instructions 11, 12, or 13, you must determine whether defendant Steak-N-Shake's failure to pay overtime was willful.  Defendant Steak-N-Shake's failure to pay overtime was willful if it has been proved that defendant Steak-N-Shake knew that its conduct was prohibited by the law regarding overtime pay, or showed reckless disregard for whether its conduct was prohibited by the law regarding overtime pay.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SANDRA DRAKE and RANDY SMITH,  )
on behalf of themselves and others similarly  )
situated,  )
                                    )
           Plaintiffs,  )
                                    )
      vs.  )             Case No. 4:14CV01535JAR
                                    )
STEAK N SHAKE OPERATIONS, INC.,  )
                                    )
           Defendant.  )

## **SPECIAL VERDICT FORM**

Your verdict in this case will be determined by your answers to the following questions. Make sure that you read the questions and notes carefully because they explain the order in which the questions should be answered and what questions may be skipped.

Question No. 1:  Has defendant Steak-N-Shake proved by the greater weight of the evidence that the executive exemption to overtime pay as set forth in Instruction 11 apply to plaintiff Managers?

————Yes            ————No

(Mark an "X" in the appropriate space)

**Note**:  Answer Question 2 regardless if you answered "Yes" or "No" to Question No. 1.

Question No. 2: Has defendant Steak-N-Shake proved by the greater weight of the evidence that the administrative exemption to overtime pay as set forth in Instruction 12 apply to plaintiff Managers?

————Yes            ————No

(Mark an "X" in the appropriate space)

1

**Note:**  Answer Question 3 only if you answered "No" to Question Nos. 1 and 2.  If you answered "Yes" to Question Nos. 1 or 2, you should skip Questions Nos. 3, 4 and 5 and have your foreperson sign and date this form because you have completed your deliberations on this claim.

Question No. 3:  Has defendant Steak-N-Shake proved by the greater weight of the evidence that the combination exemption to overtime pay as set forth in Instruction 13 apply to plaintiff Managers?

_____Yes          _____No

(Mark an "X" in the appropriate space)

**Note**:  If you answered "No" to Question No. 3, you should answer Question Nos. 4 and 5.  If you answered "Yes" to Question No.  3, you should skip Questions Nos. 4 and 5 and have your foreperson sign and date this form because you have completed your deliberations on this claim.

Question No. 4:  The rate at which overtime pay is calculated is based upon the understanding between plaintiff Managers and defendant Steak-N-Shake as to the number of hours on a weekly basis the salary was intended to compensate.  Was the salary paid to plaintiff Managers by defendant Steak-N-Shake intended to compensate for 50 hours in a workweek or for all the hours worked in a workweek?

_____50 hours          _____ All hours worked in a workweek

(Mark an "X" in the appropriate space)

Question No. 5:  Has it been proved that the defendant Steak-N-Shake's conduct was "willful" as set forth in Instruction 14?

_____Yes          _____No

(Mark an "X" in the appropriate space)

2

**Note:**  After answering Question No. 5, have your foreperson sign and date this form
because you have completed your deliberations on this claim.


_____
**Foreperson**

**Date:** _____


3