## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SANDRA DRAKE, et al.,         ) | |
|                                                       ) | |
|         Plaintiffs,                        ) | |
|                                                       ) | |
|     vs.                                         ) | Case No. 4:14-cv-1535-JAR |
|                                                       ) | |
| STEAK N SHAKE, INC.,            ) | |
|                                                       ) | |
|         Defendant.                      ) | |
|                                                       ) | |

### ORDER GRANTING APPROVAL OF SETTLEMENT STIPULATION

This matter is before the Court on Plaintiffs' Consent Motion for Approval of Global Class Action Settlement (Doc. 364), and Plaintiffs' Consent Motion for Approval of Attorneys' Fees, Expenses and Service Awards (Doc. 366).

### *Drake v. Steak N Shake*

On September 8, 2014, Sandra Drake and Randy Smith filed a collective class action under the Fair Labor Standards Act, 201 U.S.C. § 201 et seq., ("FLSA") against Steak-N-Shake, Inc. (formerly Steak-N-Shake Operations, Inc.) (hereafter "SnS") in the federal court in the Eastern District of Missouri. On December 12, 2015, the Court entered a stipulation from the parties consenting to conditional class certification under § 216(b) of the FLSA for all Managers at SnS's stores located in its St. Louis Group Market. Plaintiffs also brought a Rule 23 class claim on behalf of Managers working at SnS' stores in Missouri's Minimum Wage Law, Mo.Rev.Stat. § 290.500, et seq. ("MMWL"). In this matter, Plaintiffs claimed that Managers were misclassified and wrongfully denied overtime pay for hours worked in excess of forty per workweek. Defendant claimed they were exempt from overtime under the executive,

1

administrative, and combination exemptions. On December 22, 2017, the Court issued an order denying SnS's motion to decertify the FLSA collective class and granting the Plaintiffs' Rule 23 motion for class certification under the MMWL. In the end, there were eleven (11) FLSA collective class members and 275 Missouri Manager class members (total of 286 class members). On February 19, 2019, the parties began a jury trial. On February 26, 2019 the jury found SnS liable to the class members for overtime pay. On February 27, 2019, the jury awarded the 275 Missouri Manager class $2,883.180.95 in lost overtime and the eleven FLSA Manager class $154,988.22 in lost overtime. On May 10, 2019, the Court amended the judgment for the Missouri Manager class to $5,766,361.90 and the FLSA Manager class to $309,976.44. Plaintiffs were also awarded $1,576,220.00 in attorneys' fees and $40,219.49 in costs.[1] The Defendant has begun the post-trial motion process; however, the briefing schedule was stayed by the Court pending the parties' June 11, 2019 mediation and this settlement.

### *Clendenen v. Steak N Shake*

On January 30, 2017, Corinna Clendenen filed a collective action under the FLSA for Managers working in all of SnS's remaining Group Markets (i.e., excluding the St. Louis Group Market covered in Drake). She also filed a Rule 23 class action claim on behalf of all Managers working in SnS's Illinois stores under the Illinois Minimum Wage Law, 820 ILCS § 10-5/1 et seq. ("IMWL"). This lawsuit was filed in the federal district court for the Central District of Illinois (C.D. Ill. case no.: 1:17-1045-JBM-JEH). On March 14, 2017, SnS filed a motion seeking the dismissal of this Complaint, or in the alternative, to stay or to transfer *Clendenen* to the Eastern District of Missouri where Drake resided. On May 1, 2017, Plaintiff Clendenen filed a motion for conditional class certification under § 216(b) of the FLSA in the Central District of

---

[1] In order to address corporate name change of the Defendant from Steak-N-Shake Operations, Inc. to Steak-N-Shake, Inc., the Court entered a Second Amended Judgment on June 19, 2019.

Illinois. On May 12, 2017, the Central District of Illinois denied SnS's motion to dismiss or stay *Clendenen* but granted its motion to transfer the case to the Eastern District of Missouri. On May 25, 2017, Plaintiff Clendenen filed a First Amended Complaint in the Eastern District of Missouri to add Jennifer Piccolomini as a named plaintiff and to add a Rule 23 class action claim on behalf of all SnS Managers working at Ohio stores under Ohio's wage and hour laws, Ohio. Rev. Code. Ann. § 4111 et seq. On September 28, 2018 this Court granted Plaintiffs' motion for conditional class certification under § 216(b) of the FLSA and permitted collective class notice to be mailed to 2,419 current and former SnS Managers working in all SnS group markets (except St. Louis). The Court also granted Plaintiffs' request and tolled these class members' claims for 515 days. Per the parties' agreement, 428 Managers (including the two named Plaintiffs) compose the collective class members in *Clendenen*. Discovery has not yet begun in this case, and in turn the Plaintiffs have not moved for Rule 23 class certification regarding the Illinois and Ohio classes.

## Settlement

On July 22, 2019, the Plaintiffs filed their Consent Motion for Approval of Global Class Action Settlement and supporting memorandum and Plaintiffs' Consent Motion for Approval of Attorneys' fees, Expenses and Service Awards along with supporting memorandum. The parties agree that all capitalized terms in this Order with respect to the Settlement that are not otherwise defined shall have the same meaning as in the Settlement Stipulation document submitted by the parties.

## Approval

"A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Williams v. BPV Mkt. Place*

*Investors, L.L.C.*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014). Among the factors the court may consider in evaluating the settlement's fairness are "the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery." *Id*.

This Court has duly considered all of the submissions presented with respect to the Settlement and finds that the parties' proposed settlement is a fair and equitable resolution of a bona fide dispute.  For the reasons set forth in the supporting Memorandum, this Court finds the Settlement is in the best interests of the Class Members in light of the benefits to the Class Members accruing therefrom, the substantial discovery and investigation conducted by Class Counsel prior to the proposed Settlement, and the complexity, expense, risks and probable protracted duration of further litigation including the appeal issues in *Drake* and certification issues in *Clendenen*. More so, the Court notes that the financial circumstances of the Defendant as presented to this Court in reviewing this settlement, as well as Defendant's ability to pay for any future final judgment in *Drake* or *Clendenen*, further merits a finding that this settlement is fair, reasonable and adequate.

The Court has reviewed the terms and conditions of the parties' Settlement, including the monetary relief provisions, the plan of allocation, the release of claims, and the parties' detailed description of the settlement regarding the claims of the Class Members. Based on these terms and conditions, and the Court's familiarity with this case, the Court finds that the proposed Settlement is the result of extensive, arms-length negotiations between the Parties after Class Counsel and Defendant's counsel had fully investigated the claims and become familiar with the strengths and weaknesses of Plaintiffs' claims. The assistance of an experienced mediator, Plaintiffs' expert consultants on distressed debt Dundon Associates, LLC, and the length of the

4

settlement process confirms that the settlement is not collusive. Based on all these factors, the Court finds that the proposed settlement has no obvious defects and is within the range of possible settlement approval such that notice and payment to the Class Members as set forth in the Settlement is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Consent Motion for Approval of Global Class Action Settlement (Doc. 364), is **GRANTED**.

For purposes of the Settlement, this Court approves Brendan J. Donelon and Daniel W. Craig of Donelon, P.C. as Class Counsel for all Class Members.

For purposes of the Settlement, the Court approves the Claims Administrator selected by the Parties as set forth in the Settlement.

The Notice/Payment Package attached as Exhibits B and C to the Settlement fully and accurately inform the Class Members in *Drake* and *Clendenen* of all material elements of the action and the proposed Settlement and this Court finds that the form of method of disseminating the Notice/Payment Packages to the Class Members, as provided in the Settlement, is the best notice practicable under the circumstances and fully meets the requirements of applicable federal and state law.

**IT IS FURTHER ORDERED** that within seven (7) days after the "Effective Date" as set forth in the Settlement Stipulation, the Parties shall file a motion to dismiss with prejudice, with each party bearing its own costs, the claims of Plaintiffs and Class Members identified in paragraphs A and B, supra, and released pursuant to Section 13 of the Settlement Stipulation. On this date, the Parties shall also file a motion for a satisfaction and/or release of the judgment in Drake under Federal Rules of Civil Procedure 60(b)(5).

**IT IS FINALLY ORDERED** that the Plaintiffs' Consent Motion for Approval of Attorneys' Fees, Expenses and Service Awards (Doc. 366), is **GRANTED**. The Court specifically finds that this was a complex, years-long case involving hundreds of plaintiffs, that the outcome was unclear, that counsel undertook significant risk in pursuing it to trial, and did pursue the suit all the way to a jury verdict.  Likewise, the Court finds that, given the extensive involvement of the named Plaintiffs and those parties who were deposed, the proposed service awards are fair and reasonable.

The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order of Approval.

Dated this 26th day of July, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE